COMMERCE BANK OF JOPLIN, N.A., Plaintiff–Respondent,

v.

Jack W. WILLIS and Margaret L. Willis, Defendants–Appellants.

No. 16489.

Missouri Court of Appeals, Southern District, Division One.

March 13, 1990.

Daniel E. Scott, Timothy R. Whelan, Copeland, Scott & Whelan, Joplin, for plaintiff-respondent.

Barry R. Langford, Joplin, for defendants-appellants.

PREWITT, Judge.

Defendants appeal from a summary judgment in favor of plaintiff. They contend that the trial court erred in granting the judgment "without allowing appellants the opportunity to conduct discovery".

Except for the caption and signature, the motion on which the judgment was entered, filed on April 25, 1989, said:

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff and moves for summary judgment in its favor and against defendants, jointly and severally, in that the pleadings on file, together with the affidavit of Bruce J. Anderson filed herewith, show that there is no genuine issue as to any fact material and that plaintiff is entitled to judgment in its favor on its claims as a matter of law.

Rule 74.04(c), effective January 1, 1988, states that a motion for summary judgment "shall state with particularity the grounds therefor". See *Kammer v. Cohen Appliance & TV Center,* 767 S.W.2d 574, 575 (Mo.App.1988). See also *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983) (quoting from Rule 55.26(a) that motions "shall state with particularity the grounds therefor").

A member of the committee who drafted Rule 74 stated that Rule 74.04(c):

has also added the requirement that the motion for summary judgment shall state with particularity the grounds therefore. This is merely a restatement of Rule 55.26, which provides that all motions shall state with particularity the grounds therefore. The reiteration of this standard in Rule 74.04(c) is justified by the problems that have developed in trial courts because of the filing of conclusory motions for summary judgment. To comply with Rule 74.04(c) the motion should set forth the grounds for the motion and refer specifically to the portions of the pleadings, depositions, admissions, affidavits or other matters on which the movant relies.

Laughrey, Judgments—The New Missouri Rule, 44 J.Mo.Bar 11, 13–14 (1988).

Another distinguished commentator regarding summary judgments, stated before the effective date of the change in Rule 74.04(c):

it may be said generally that a motion for summary judgment requests unusual relief and accordingly should be prepared with unusual care. Specifically, two warnings may be given. First, the moving party should call attention in his motion to the issue or issues that he proposes to prove or disprove. Secondly, if his unassailable proof includes depositions, he should call attention in the motion to the particular parts thereof relied upon.

Clampett, Summary Judgments in Missouri, 22 J.Mo.Bar 14, 15–16 (1966).

The motion filed in this action seems to only state the portion of Rule 74.04(c) that summary judgment "shall be entered forth-

with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The motion does not state with "particularity the grounds" on which the motion is based. Neither counsel, the trial court, nor an appellate court should be required to sift through the pleadings, affidavits and other portions of the record to attempt to determine the basis for the motion. Defendants do not question the sufficiency of the motion nor question the decision based on the record which was before the trial court. They assert that had they been allowed to conduct discovery they "could have substantiated both of the affirmative defenses raised in appellant's amended answer."

Because the motion for summary judgment did not comply with Rule 74.04(c), the trial court and this court would have been justified in determining that summary judgment based on it was improper. However, the sufficiency of the motion is not questioned, the record is relatively uncomplicated, and through the affidavit referred to and the suggestions in support of the motion, we are able to determine the basis for the judgment. Therefore, in keeping with the mandate of Rule 84.14 that unless justice otherwise requires, the appellate court shall finally dispose of the case, we proceed to consider defendants' point on appeal.

As the trial court is responsible for controlling its docket and the progress of litigation, the granting of a continuance for discovery necessarily must be within its discretion. *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985). See also *Landmark North County Bank v. National Cable Training Centers*, 738 S.W.2d 886, 892 (Mo.App.1987) ("trial court has discretion to continue the hearing on a motion for summary judgment until further discovery can be conducted").

Defendants were served with summons and plaintiff's petition on December 30, 1988. They initially answered on February 3, 1989. On April 25, 1989, plaintiff filed a motion for summary judgment. On April 27, 1989, the trial court set a May 11, 1989, hearing date for the motion. On May 10, 1989, at defendants' request the hearing was rescheduled for May 16, 1989. Defendants filed their amended answer on May 12, 1989. Following the hearing suggestions were filed by the parties, the last on June 1, 1989. Summary judgment was entered on June 21, 1989.

Specifically, defendants contend that they should have been allowed to take the deposition of a former employee of plaintiff. There is nothing in the record to indicate that there would have been any difficulty in taking her deposition, such as her having health problems, being far removed from the jurisdiction, or that her whereabouts were unknown. That being so defendants had ample time to take her deposition even after the motion for summary judgment was served.

Rule 57.03(b)(1), (2) provides for seven-days' notice of a deposition which may be enlarged or shortened by the court. The record does not reveal any attempt to take her deposition or any formal motion for a continuance. Counsel merely mentioned in argument before the court at the summary judgment hearing and in defendants' suggestions that further discovery should be allowed. There is nothing in the record indicating that discovery was ever prohibited or hampered by the court or opposing counsel.

Under these circumstances we find no abuse of the trial court's discretion in proceeding to render judgment on the record as it then stood. Defendants' point is denied.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.