**RESOLUTION TRUST CORPORATION, Receiver for Community Federal Savings & Loan Association, Respondent,**

v.

**Alan L. LIEBERMAN and Harold G. Lieberman, Appellants.**

**No. 60233.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 21, 1992.

Thomas R. Schlesinger, Eileen J. Markey, St. Louis, for appellants.

Robert C. Jones, William Laird Hetlage, Clayton, for respondent.

CRIST, Judge.

This action was originally filed March 27, 1989. Community Federal Savings & Loan Association (Community Federal) sought judgment for deficiencies under certain notes executed by corporations in which Appellants (Guarantors) were officers and shareholders, and in connection with which Guarantors had executed personal guaranties. We affirm.

Guarantors filed answers and amended answers herein on June 5, 1989; June 7, 1990; July 27, 1990; and May 3, 1991. The original Plaintiff was Community Federal; however, the Resolution Trust Corporation (RTC) was appointed receiver for Community Federal on December 17, 1991, and was substituted in this cause of action. Community Federal filed its motion for summary judgment against Guarantors on October 29, 1990. The motion for summary judgment was set for hearing and subsequently continued on December 12, 1990; January 15, 1991; and March 5, 1991.

Between the date the motion for summary judgment was filed and May 3, 1991, Guarantors filed notices of deposition, but failed to take any depositions, and otherwise failed to take any action on the record to discover any facts or documents in support of their position to defend against summary judgment. Prior to May 3, 1991, none of Guarantors' answers raised any defense of lack of good faith on behalf of Community Federal or Community Federal's inability to fund the loans.

On May 3, 1991, four days prior to the hearing on the motion for summary judg-

ment, Guarantors filed their joint amended answer, their leave to file their joint amended answer, and their motion under Rule 74.04(f) to continue Community Federal's motion for summary judgment and Guarantors' first request for production of documents. This was the first time Guarantors claimed Community Federal had improperly made the loan commitments when it was in a weakened financial condition thus preventing the maker of the notes from making payment. On May 6, 1991, Guarantors filed an affidavit of their legal counsel.

At the hearing, the court granted Guarantors' motion for leave to file their joint amended answer, denied their motion to continue the motion for summary judgment hearing, and granted Community Federal's (RTC) motion for summary judgment. Judgment was entered on behalf of RTC and against Guarantors.

 The only issue raised by Guarantors is whether the trial court abused its discretion in refusing the continuance. They do not contest the propriety of the summary judgment based upon the record before the trial court at the time of hearing.

The granting of a continuance for discovery is within the discretion of the trial court. *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 [21, 22] (Mo. banc 1985).

Guarantors had ample opportunity for discovery. This case was pending for two years. The motion for summary judgment was pending for seven months, and the hearing on the motion had already been continued three times. *See Commerce Bank of Joplin, N.A. v. Willis*, 785 S.W.2d 787 (Mo.App.1990). Then, with only four days until the hearing on the motion for summary judgment, Guarantors filed a new defense. We cannot find an abuse of discretion under these circumstances.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.