Carmen PARTNEY and Bina Partney, his wife, Plaintiffs–Respondents,

v.

R. Winston REED, Defendant–Appellant.

No. 17869.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 18, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Christina L. Mell, L. Dwayne Hackworth Law Offices, Piedmont, for plaintiffs-respondents.

Jeffrey P. Hine, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for defendant-appellant.

PREWITT, Judge.

Summary judgment was entered for plaintiff on their petition on June 10, 1991. Thereafter, on October 15, 1991, plaintiffs' motion for summary judgment on defendant's counterclaim was sustained.[1]

Defendant timely appealed. One of defendant's points on appeal states that the trial court erred in granting summary judgment on the counterclaim because plaintiffs' motion failed to state with particularity the grounds. Except for caption and signature, the motion stated:

Come now Plaintiffs, Carmen Partney and Bina Partney, his wife, by and through their attorney, L. Dwayne Hackworth, and pursuant to Rule 74.04 of the Missouri Rules of Civil Procedure move this Court to enter its Order granting summary judgment in favor of Plaintiffs on Defendant's Counterclaim.

In support of their motion, Plaintiffs submit herewith a Memorandum of Law, the deposition of Defendant, R. Winston Reed and the affidavit of Carmen Partney.

It is apparent that the motion does not comply with Rule 74.04(c) which requires that a motion for summary judgment "shall state with particularity the grounds therefor". As it did not, the motion was defective and the order sustaining the motion must be reversed and the cause remanded. *Johns v. Continental Western Ins. Co.,* 802 S.W.2d 196 (Mo.App.1991); *Mercantile Bank of Sikeston v. Moore,* 792 S.W.2d 653 (Mo.App.1990).[2]

The judgment is reversed and the cause remanded.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.

1. These orders, together with defendant's dismissal of his third-party petition, disposed of all issues and parties. Therefore, there was a final judgment from which an appeal could be taken. See *MaGee v. Blueridge Professional Bldg,* 821 S.W.2d 839, 842 (Mo. banc 1991).

2. The purpose of requiring the motion to state the grounds with particularity is set forth in *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 915 (Mo.App.1990). See also *Johns,* 802 S.W.2d at 199; *Commerce Bank of Joplin, N.A. v. Willis,* 785 S.W.2d 787, 788 (Mo.App.1990).