Vincent J. McCARTHY,
Plaintiff–Appellant,

v.

COMMUNITY FIRE PROTECTION DIS-
TRICT OF ST. LOUIS COUNTY, De-
fendant–Respondent.

No. 64513.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 28, 1994.

Application to Transfer Denied
June 21, 1994.

summary judgment in favor of District. McCarthy appeals claiming the trial court erred in entering summary judgment because District's motion failed to state with particularity the grounds upon which it was based. McCarthy further claims the constitutional and statutory grounds stated in District's supporting memorandum were inapplicable or not proved. McCarthy's cause of action fails as a matter of law. We affirm.

McCarthy provided accounting services for District from 1974 through 1987. During the early 1980's, McCarthy alleges District was experiencing financial difficulties and was unable to pay on a current basis for all of the accounting services it required. McCarthy alleges he agreed, at the request of District's former directors, to perform additional necessary accounting services and to defer his billing for such services until the financial situation of District improved. He did not allege provisions concerning if or when financial improvement was expected to occur.

In 1987, following a membership change of District's board of directors, McCarthy was informed his services were no longer required. McCarthy was informed by letter his replacement would begin October 7, 1987, and his assistance during the transition period should be invoiced to District. McCarthy subsequently submitted invoices to District for both his current services involved in facilitating the transition to a new accountant and for past "special" services.

McCarthy filed this lawsuit on July 15, 1992, alleging:

> That at the direct request and authorization of the defendant certain professional accounting services were rendered to the defendant by the plaintiff, for which defendant agreed to pay the reasonable value; that after allowing just credits due it, there still remains due and unpaid the sum of Thirty Thousand Two Hundred Ninety Dollars ($30,290.00); that demand has been made on the defendant for the payment thereof on October 17, 1987, but notwithstanding said demand defendant has refused to pay said sum; that statements for service rendered are attached hereto and made a part hereof.

Stephen M. Schoenbeck, Schoenbeck, Schoenbeck & Associates, St. Louis, for appellant.

A. David McMahon, McMahon Legal Services, St. Louis, for respondent.

KAROHL, Judge.

Vincent J. McCarthy sued Community Fire Protection District (District) of St. Louis County for payment of past accounting services rendered. The trial court granted

McCarthy's attachment to his petition shows a total charge of $30,290 for services associated with three different funds, all "past due" for the period from 1981 to 1987.

After answering, District moved for summary judgment. The parties filed suggestions in support of or in opposition to the motion, respectively. Following a hearing, the trial court found District was entitled to judgment as a matter of law as to all allegations contained in McCarthy's petition.

■ District initially asserts this appeal must be dismissed as premature because the trial court did not dispose of all the issues and therefore the judgment is not final and appealable. In its answer, District stated, "Further answering, affirmatively, Defendant states that entire arrangement, if any, proven between the Plaintiff and Defendant is ultra vires and Defendant is entitled under the recoupment doctrine to any and all previous sums proven to have been received by Plaintiff." In the trial court's order granting summary judgment, it stated, "The court makes no ruling with respect to defendant's affirmative defense in defendant's answer, seeking recoupment of all sums proven to have been received by plaintiff." A judgment must be final to be appealable. There is no undisposed of claim here. We have jurisdiction.

■■ Counterclaims must be designated as such. Rule 55.01. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court may treat the pleadings as if there had been a proper designation. Rule 55.08. An affirmative defense attempts to defeat or avoid the other party's cause of action. *Terre Du Lac Property Owners' Ass'n, Inc. v. Wideman,* 655 S.W.2d 803, 806 (Mo.App. 1983). Whether a pleading is a "counterclaim" or an "affirmative defense" often depends on the intent of the pleader. *McDowell v. Schuette,* 610 S.W.2d 29, 36 (Mo.App. 1980). "Recoupment" is a purely defensive matter growing out of a transaction constituting plaintiff's cause of action and is available only to reduce or satisfy plaintiff's claim and permits no affirmative judgment.

*Schroeder v. Prince Charles, Inc.,* 427 S.W.2d 414, 419 (Mo.1968).

District did not plead or submit a counterclaim. District's "affirmative defense" was not a claim for money damages. The order sustaining District's motion for summary judgment in the present case is final and appealable.

McCarthy's first point on appeal is the trial court erred in granting summary judgment for District because its motion failed to state the grounds upon which it was based with particularity as required by Rule 74.04(c). The complete text of District's motion for summary judgment is as follows: "The pleadings, answers, and affidavits on file, if any, show that there is no genuine issue as to any material fact and that the Defendant is now entitled to a judgment as a matter of law." District attached suggestions in support of its motion wherein it argued that both Article VI, § 26(a) of the Missouri Constitution and § 432.070 RSMo 1986 bar McCarthy from recovering. The constitution section referenced prevents a political subdivision such as District from becoming indebted in any amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years. Similarly, the statutory section referenced bars any claim in contract against District as a municipal corporation unless in writing, and McCarthy alleges the contract is oral. McCarthy responded by filing suggestions in opposition to District's motion. He fully responded to the merits of its arguments and did not attack the sufficiency of the motion until this appeal.

■ Rule 74.04(c) provides that a motion for summary judgment "shall state with particularity the grounds therefor."[1] District's motion is patently defective in this respect. The Southern District of this court has repeatedly reversed judgments sustaining defective motions for summary judgment. *Partney v. Reed,* 839 S.W.2d 694 (Mo.App. 1992); *Johns v. Continental Western Ins. Co.,* 802 S.W.2d 196 (Mo.App.1991); *Mercantile Bank of Sikeston v. Moore,* 792 S.W.2d 653 (Mo.App.1990).

---

1. The 1994 version of Rule 74.04 defines more specific requirements.

■ The purpose of Rule 74.04(c)'s particularity requirement is to apprise the opposing party and the trial court of the specific basis on which the movant claims it is entitled to summary judgment. With the issues focused, the opposing party may prepare a defense to the motion and the trial court may make an informed ruling. *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 915 (Mo.App.1990). Neither counsel, the trial court, nor an appellate court should be required to sift through pleadings, affidavits and other portions of the record to attempt to determine the basis for the motion. *Commerce Bank of Joplin, N.A. v. Willis,* 785 S.W.2d 787, 789 (Mo.App.1990). Because the motion for summary judgment did not comply with Rule 74.04(c), the trial court would have been justified in determining that summary judgment based on it was improper. However, as in *Willis,* the record is uncomplicated. The basis for the judgment was obvious to counsel, the trial court, and it is clear to this court. Even though McCarthy raised the issue of the sufficiency of the motion with this court, he failed to raise it with the trial court. That was the place to make such a challenge because the rule's purpose is to give notice to the party defending the motion of the grounds upon which it is based. Therefore, in keeping with the mandate of Rule 84.14, that unless justice otherwise requires, the appellate court shall finally dispose of the case, McCarthy's first point is denied.

■ McCarthy's second point is the trial court erred in granting summary judgment for District on the basis of the Missouri Constitution because it failed to specifically raise its constitutional question at the first available opportunity. In effect, McCarthy argues the only way District could raise the argument that the parties' alleged agreement was ultra vires under Article VI § 26(a) would be to do so in its answer, which was filed seven days before its motion for summary judgment. As was the case with McCarthy's first point, this argument is raised for the first time on appeal.

■ This appeal does not involve the validity of a statute. McCarthy neglects to point out that District did raise the affirmative defense the contract was ultra vires in its answer as required by Rule 55.08. Although the effect of Article VI § 26(a) on a contract with a municipal body has been treated as a constitutional question, *Mercantile Bank of Illinois, N.A. v. School Dist. of Osceola,* 834 S.W.2d 737 (Mo. banc 1992), District argues it simply introduced the section of the constitution to prove its defense of ultra vires. In any event, District alleged the contract relied upon by McCarthy was ultra vires in its answer, and the specific constitutional defense was raised days later in District's suggestions in support of its motion for summary judgment. We reject McCarthy's claim, first made on appeal, that District waived the constitutional issue by not alleging a specific provision of the constitution in its answer. The purpose of the rule requiring that constitutional issues be raised at the earliest opportunity, to prevent surprise to the opposing party and permit the trial court to fairly identify and rule on the issues, was served here. *Winston v. Reorganization School Dist. R–2,* 636 S.W.2d 324, 327 (Mo. banc 1982). The issue must be raised at the first opportunity and, for purposes of review of this matter, it was. Point denied.

■ McCarthy's third contention is the trial court erred in granting summary judgment for District on the basis of the Missouri Constitution because District failed to offer any evidence on its financial condition at any time. Article VI § 26(a) of the Missouri Constitution provides:

No county, city, incorporated town or village, school district or other political corporation or subdivision of the state shall become indebted in amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, except as otherwise provided in this constitution.

McCarthy concedes District is a political subdivision of the State of Missouri, and this section has been applied to other fire protection districts. *Anton, Raleigh & Wynne v. Wellston Fire Protection Dist.,* 671 S.W.2d 378 (Mo.App.1984).

The issue of District's inability to pay for McCarthy's accounting services on a current

basis was never contested. In McCarthy's suggestions in opposition to District's motion for summary judgment, and in his brief, he states, "During the early 1980's the District was experiencing financial difficulties and was unable to pay on a current basis for all of the special accounting services which it required." According to McCarthy's own theory, work was performed and debt was created during a time when the budget of this political subdivision would not permit payment. However, McCarthy also argues District failed to adduce evidence to show that its payment of the amount claimed by McCarthy would exceed the income and revenue of any year plus any unencumbered balance. He also argues the audited financial statement for the year ending December 31, 1987, a copy of which he attached to his affidavit in support of his suggestions in opposition to summary judgment, showed District had funds available to pay for his services. The alleged oral agreement was made years prior to 1987 and the constitutional validity issue turns on the time of the agreement.

The record does not reveal how often McCarthy customarily billed District for his accounting services, or when he was last paid. The statement attached to McCarthy's petition appears to show $30,290 worth of "special" services under the alleged delayed billing arrangement for the period from 1981 through 1987, as do the invoices attached to his suggestions in opposition to summary judgment. Payment of services rendered in past years when the budget permits in future years is prohibited under Article VI § 26(a). McCarthy did not allege and did not argue at the hearing or on appeal that any of the services should be severed as current services as of 1987 performed pursuant to the current fire protection district's budget allotted to accounting services. The trial court correctly granted summary judgment in favor of the fire protection district concerning McCarthy's attempt to recover "past due" debts.

McCarthy's next two points complain of trial court error in granting summary judgment on the basis of § 432.070 RSMo 1986. First, McCarthy contends this section does not apply to community fire protection districts. Alternatively, McCarthy contends a sufficient writing did exist to bind District to its contractual obligation if § 432.070 did apply.

■ Section 432.070 asserts, "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless ... such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." In *State ex rel. Crites v. West*, 509 S.W.2d 482 (Mo.App. 1974), we noted a "fire protection district is, in a broad sense, a municipal corporation, as it is designed for the performance of an essential public service." *Id.* at 484. As such, District is prohibited from entering into an oral contract. McCarthy's suggestion that two letters, one from District to him notifying him of his termination date and the handling of the transition period between accountants, and a second from him to District stating he would also bill District for past services, suffice as a written contract is plainly without merit. Two writings, each signed by only one of the parties, where there is no demonstrated agreement as to the contents of the writings, do not constitute a contract. The trial court correctly granted summary judgment in favor of District based on § 432.070 RSMo 1986 in addition to Article VI § 26(a) of the Missouri Constitution.

We affirm.

SIMON, P.J., and PUDLOWSKI, J., concur.