Michael W. Manners, Welch, Martin, Albano & Manners, Independence, for plaintiff/appellant.

William M. Chapman, Sedalia, for defendant/respondent.

Before TURNAGE, C.J., and KENNEDY and HANNA, JJ.

TURNAGE, Chief Judge.

Mike Barnett, by his Next Friend, brought suit against Rolland Rowlette, Sr. for personal injuries he sustained as a result of a dog bite. The court entered summary judgment in favor of Rolland. Mike contends summary judgment was inappropriate. Affirmed.

From the depositions on file it is apparent there is no dispute as to the facts. Kenneth Rowlette is the son of Rolland and lived in a building located on an eight acre tract belonging to his father. The building was a former convenience store. Rolland was in the sod and contracting business and used part of the eight acres to store construction equipment. Kenneth used part of the eight acres in connection with the building in which he lived.

Viewing the facts in the light most favorable to Mike, it appears that Rolland was having problems with vandalism to the equipment which he stored on the tract. Kenneth talked with his father about getting a watch dog to stop the vandalism and Rolland agreed this would be a good idea and told Kenneth to get a dog.

Kenneth bought a dog named Oso which was one-half German Shepherd and one-half Malamute. Kenneth kept the dog in the building where he lived and at times kept it chained to some of Rolland's equipment to prevent vandalism. Kenneth told Rolland

---

**Mike BARNETT, by his Next Friend, Suzanne BARNETT, Plaintiff/Appellant,**

v.

**Rolland ROWLETTE, Sr., Defendant/Respondent.**

No. WD 48406.

Missouri Court of Appeals, Western District.

April 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1994.

Application to Transfer Denied Aug. 15, 1994.

that he was the only one who should handle Oso because the dog was aggressive and needed to be watched.

Kenneth was working for his father in the contracting business and both Kenneth and Rolland told other employees of Rolland that they should stay away from Oso because he would bite them.

Oso proved to be a good watchdog because after Kenneth acquired him there was no. more problem with vandalism. Kenneth and Rolland were so impressed by the fact that vandalism had ceased after Oso was acquired that they discussed obtaining another dog to be kept at the place in Sedalia where Rolland kept most of his construction equipment.

In October 1990 Mike was 13 years of age and was a friend of Kenneth's son, Kenny. On the day of the injury, Mike accompanied Kenny to the building where Kenneth and Kenny lived. When Mike entered the house, Oso lunged and grabbed Mike's right arm. Kenneth had to beat Oso to get him to release Mike's arm. As a result of the attack by Oso, Mike suffered serious injury.

After the attack by Oso on Mike, Rolland told Kenneth to get rid of Oso and Kenneth did so by giving him away.

There is no dispute that Kenneth rented the building where he lived and paid rent to Rolland. There is no dispute that Oso belonged to Kenneth and was kept in Kenneth's house or tied to equipment stored near the house.

In *Duren v. Kunkel*, 814 S.W.2d 935, 937 (Mo. banc 1991), the Court stated:

> The Missouri rule, and that followed in most jurisdictions, is:
>
>> A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing harm.
>
> Restatement (Second) of Torts, § 509(1) (1977).

In this case there is no dispute that Kenneth was the possessor of Oso, however the question presented is the liability of Rolland who owned the land and building which Kenneth rented and which he occupied as his home. Liability of a person who does not possess a dangerous animal is stated in Restatement (Second) of Torts, § 514 which states "One who, although not in possession, harbors a wild animal or an abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it."

Comment a. to § 514 states:

> The rules that determine the liability of one who as possessor keeps a wild animal or an abnormally dangerous domestic animal are stated in §§ 507–513. The rule stated in this Section imposes the same liability upon one who, although neither the owner nor the possessor of the animal, harbors it by making it part of his household. This he may do by permitting a member of his household, including those servants who are regarded as members, to keep the animal either in the house or on the premises that are occupied as the home of the family group of which he is the head. Thus a person harbors a dog or cat by permitting his wife, son or household servant to keep it in the house or on part of his land that is occupied by the family as a group. On the other hand, the possession of the land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make the possessor of the land liable as a harborer of the animal. Thus a father, on whose land his son lives in a separate residence, does not harbor a dog kept by his son, although he has the power to prohibit the dog from being kept and fails to exercise the power or even if he presents the dog to his son to be so kept.

Section 514 and the Comment quoted above capture the precise facts in this case. Rolland was not in possession of Oso, Kenneth lived in a separate residence from Rolland and Rolland arguably had the power to prohibit Kenneth from keeping Oso but failed to do so. However, the fact that Kenneth was in possession of Oso and lived in a separate residence from Rolland prevents the conclusion from being drawn that Rolland harbored Oso.

In *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 381[16] (Mo. banc 1993), the Court held that in considering the propriety of summary judgment in favor of a "defending party" when the "defending party" does not bear the burden of persuasion at trial, it is not necessary that such party controvert each element of the non-movant's claim in order to be entitled to summary judgment. The Court held that the "defending party" may establish a right to judgment by showing facts that negate any one of the facts essential to the establishment of the claimant's cause of action. *Id.* The Court further held that when the facts underlying the right to judgment are beyond dispute, it is proper to enter summary judgment. *Id.*

In this case it was incumbent upon Mike to show that Rolland was the possessor of Oso. *Duren*, 814 S.W.2d at 937. Failing that, Mike was required to show that Rolland harbored Oso even if he did not possess the dog. Section 514. Under Comment a. to § 514, Rolland did not harbor Oso because Kenneth lived in a separate residence from Rolland and kept Oso there.

Mike contends that this court should adopt the holding in some out of state cases that hold a landlord liable for harm done by an animal possessed by a tenant. Missouri has adopted the Restatement view which rejects landlord liability and this court is bound by that position.

The undisputed facts in this case negate the essential element of Mike's cause of action that Rolland possessed or harbored Oso. For that reason the court correctly entered summary judgment in favor of Rolland. *ITT Commercial Finance*, 854 S.W.2d at 381[16]. The judgment is affirmed.

All concur.