Joseph Michael MATHES By and Through his Next Friend, Kelly Jean MATHES, Richard Mathes and Kelly Kean Mathes, Plaintiffs/Appellants,

v.

Joan NOLAN, Defendant/Respondent.

No. 67309.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Murry A. Marks, Jason S. Marks, St. Louis, for appellants.

Stephanie K. Morrison, Homire, Mueller and Bippen, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiffs sued defendant, Joan Nolan, for personal injuries allegedly sustained by minor plaintiff, Joseph Mathes, as a result of being mauled by defendant's tenant's dog. The court entered a summary judgment for the defendant and plaintiffs appeal. We affirm.

The tenant, David Wear, owned an Alaskan Malamute named Yukon. Allegedly, the dog lunged over the fence and pulled the minor plaintiff onto the rental premises inflicting permanent injuries. Defendant, Joan Nolan, was the owner of the property. Much of the material before the court on the motion for summary judgment involved the level of knowledge defendant had concerning the presence of Yukon on the property and the extent to which Yukon gave the appearance of a propensity for viciousness. Defendant did not reside on the premises leased.

Plaintiffs raised no challenge to the sufficiency of the motion for summary judgment in the court below. On appeal they assert that the motion does not comply with Rule 74.04(c)(1) and that because of such failure we are required to reverse the summary judgment. The motion is not in technical compliance with the Rule, although the non-compliance is minor.

Missouri appellate courts have addressed the question of non-compliance with Rule 74.04(c) on several occasions. The answers have not necessarily been consistent. In a situation where no objection was raised in the trial court we held that the non-movant's

failure to challenge the particularity of a pleading at the trial level, including a motion for summary judgment, results in a waiver of the objection. *RJF International Corporation v. B.F. Goodrich Company,* 880 S.W.2d 366 (Mo.App.1994) [1, 2]. In *McCarthy v. Community Fire Protection District of St. Louis County,* 876 S.W.2d 700 (Mo.App.1994) [5] we stated that the purpose of the "particularity" requirement of the Rule was to apprise the opposing party, the trial court, and the appellate court of the specific basis upon which the movant claims it is entitled to summary judgment. Failure to comply with the Rule would justify the trial court or this court denying summary judgment. Where however the basis for the judgment is obvious to counsel, to the trial court and to the appellate court the appellate court is authorized to finally dispose of the case in accordance with the mandate of Rule 84.14. This is particularly true where the opponent to the summary judgment has not objected to the lack of particularity in the trial court. A similar position was taken by the Southern District in *Commerce Bank of Joplin v. Willis,* 785 S.W.2d 787 (Mo.App.1990).

In *Mercantile Bank of Sikeston v. Moore,* 792 S.W.2d 653 (Mo.App.1990) the Southern District apparently established a more stringent test holding that the motion was defective and reversing the grant of summary judgment on that basis. The court does comment that both sides had filed extensive briefs on the complicated issues. Judge Maus dissented on the basis of *Willis, supra.* In *Snelling v. Bleckman,* 891 S.W.2d 572 (Mo.App.E.D.1995) we reversed the grant of summary judgment "because defendant's summary judgment motion did not comply with new Rule 74.04(c)(1)." There was no discussion of either *McCarthy, supra* or *RJF, supra,* but the court concluded that "The trial court erred in granting judgment on this defective motion." The Rule as it existed prior to the amendment effective January 1, 1994, upon which *McCarthy* and *RJF* were based, also required "particularity" as to the grounds for the summary judgment. In *Miller v. Ernst & Young,* 892 S.W.2d 387 (Mo.App.E.D.1995) we held that the requirements of the Rule are not subject to waiver by the parties as they exist for the

benefit of the trial and appellate courts, as well as the opposing side, to expedite the disposition of cases. The requirements are to preclude trial and appellate courts from having to "sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion." *See Moss v. City of St. Louis,* 883 S.W.2d 568 (Mo.App.1994) where objection was made in the trial court to the particularity of the motion.

■ In *Plank v. Union Electric Company,* 899 S.W.2d 129 (Mo.App.E.D.1995) we recognized the holdings in *Moss* and *Snelling,* but concluded that "the rule need not be applied in this case because error in the application of this rule was not raised below, and we find no manifest injustice resulting from this error." It is our conclusion that the cases which have been cited stand basically for the proposition that failure to comply with Rule 74.04(c)(1) warrants a trial court denying a summary judgment and warrants an appellate court reversing the grant of summary judgment. Most also support the proposition that if the issues and the documents in support of those issues are clear to the litigants, the trial court, and the appellate court, the failure to comply with the Rule does not *per se* preclude the grant of summary judgment nor the affirming of such a judgment. In short, the trial court and the appellate court are vested with discretion. We cannot conclude that it is in the interest of judicial efficiency or economy to adopt an absolute rule that failure to comply with the Rule precludes summary judgment when the failure to comply does not adversely affect the litigants' understanding and addressing the issues, the trial court deciding the issue, and the appellate court reviewing the judgment. Here the issues are clear, the material facts are not disputed, and the question posed is one of law. In our discretion we will address the merits.

■ The following facts are undisputed and decisive of the motion for summary judgment. Yukon is owned by David Wear and is physically kept at Wear's residence which he

rents from defendant. Defendant does not reside on the premises, and does not own Yukon. The injury occurred on the rental premises. The Missouri rule, and that followed in most jurisdictions was stated in *Duren v. Kunkel,* 814 S.W.2d 935 (Mo. banc 1991) [1] to be:

> A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing harm. Restatement (Second) of Torts, § 509(1) (1977).

In *Barnett v. Rowlette,* 879 S.W.2d 543 (Mo.App.1994) the court dealt with the liability of a person who does not possess a dangerous animal and adopted therein Restatement (Second) of Torts, § 514 which states "One who, although not in possession, harbors a wild animal or an abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it." Comment a. to that section describes a person as "harboring" an animal if, although not the owner or possessor of the animal, he permits "a member of his household, including those servants who are regarded as members, to keep the animal either in the house or on the premises that are occupied as the home of the family group of which he is the head." However, possession of the land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make the possessor of the land liable as a harborer. Defendant here is one more step removed from the dog involved, she is not the possessor of the premises where the dog is located, she is the owner of the premises rented to another who possesses it. She bears no liability under the Restatement provisions adopted by the Missouri courts.

Sections 509 and 514 of the Restatement deal with strict liability. Section 518 deals with liability for injury by an animal arising from negligence. It requires that the person held to be liable "possesses or harbors" the animal. Defendant has no liability under that section.

Plaintiffs urge that in *Garrett v. Overland Garage & Parts Inc.,* 882 S.W.2d 188 (Mo.

App.1994) we held that the owner of the premises may be liable in negligence for damages caused by dogs that constitute a dangerous condition. In that case the owner of the premises was also the owner of the dog, the premises housed a commercial establishment, and plaintiff was an invitee of that business. *Garrett* relied upon *Duren v. Kunkel, supra. Duren* determined the liability in negligence of one who possesses or harbors a domestic animal. Neither *Garrett* nor *Duren* establish any duty by defendant to plaintiffs in connection with Wear's dog. Plaintiffs point to cases in other jurisdictions which have held landlords liable for injuries inflicted by a tenant's animal and suggest they be applied in Missouri. In *Barnett, supra,* the court addressed an identical suggestion with the statement "Missouri has adopted the Restatement view which rejects landlord liability and this court is bound by that position." l.c. 545. So are we.

Judgment affirmed.

PUDLOWSKI and WHITE, JJ., concur.