

# Missouri Court of Appeals
## Southern District

### Division Two

MINOR A.T., by her natural father, and )
Next Friend R.T., )
            )
        Plaintiff-Appellant, )
            )
v. )       No. SD36351
            )
ROGER and KIMBERLY )       **Filed: March 13, 2020**
SATTERFIELD, )
            )
        Defendants-Respondents, )
            )
and )
            )
STACEY WYATT, )
            )
        Defendant. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura Johnson

**<u>AFFIRMED</u>**

R.T., Next Friend and natural father of the minor child A.T. ("Plaintiff" or "A.T.'s father"), appeals the judgment entered via the summary judgment process in favor of Roger and Kimberly Satterfield ("Defendants") on Plaintiff's claim for monetary damages arising from personal injuries A.T. suffered as the result of a dog bite.[1] The dog at issue ("the dog") was kept on premises owned by Defendants and leased to their tenant, Mary Ann Fors ("Ms.

---

[1] The trial court granted Defendants' individual motions for summary judgment. The portions of those motions relevant to our resolution of the appeal are identical, and we refer to them collectively as "the motion."

1

Fors").[2]  The dog, along with at least six other dogs, belonged to defendant Stacey Wyatt

("Wyatt"), who lived with Ms. Fors.  Because Plaintiff was unable to produce evidence that

Defendant harbored the dog, we affirm.[3]

## Standard of Review

> A review of a trial court's decision granting summary judgment is reviewed *de novo.  ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).  If the movant is entitled to judgment as a matter of law and no genuine issue of material facts exists, the trial court's decision will be affirmed.  *Id.* at 377.  "A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Hargis v. JLB Corp.*, 357 S.W.3d 574, 577 (Mo. banc 2011) (quoting *ITT Commercial Fin.*, 854 S.W.2d at 382).  "The record is viewed in the light most favorable to the non-moving party, according that party all reasonable inferences that may be drawn from the record." *Eisenberg v. Redd*, 38 S.W.3d 409, 410 (Mo. banc 2001) (citing *ITT Commercial Fin.*, 854 S.W.2d at 376).

*Cowgur v. Murphy*, 587 S.W.3d 717, 719 (Mo. App. S.D. 2019).

## The Summary Judgment Record[4]

Plaintiff's Second Amended Petition sought money damages from Defendants on the

theory that they had permitted Wyatt to maintain a nuisance on Defendants' property.  The

alleged nuisance was that Defendants allowed Wyatt to harbor dogs on the property when

Defendants knew the dogs had vicious tendencies.

Defendants moved for summary judgment on the grounds that:  (1) Plaintiff's

nuisance theory of recovery is not a recognized theory of recovery in a dog bite case; (2)

---

[2] Ms. Fors is not a party to this action.

[3] Plaintiff's claims against Wyatt are not at issue in this appeal.  While the trial court's judgment did not resolve all issues as to all parties in the case, it did resolve all of the claims brought against Defendants.  As a result, we cannot say that the trial court abused its discretion in expressly determining that there was "no just reason for delay" and thereby certifying the judgment as eligible for appeal under Rule 74.01(b).  *See **Wilson v. City of St. Louis***, No. SC97544, 2020 WL203137, at *9-12 (Mo. banc Jan. 14, 2020).  Unless otherwise indicated, all rule references are to Missouri Court Rules (2019).

[4] Because some parts of the legal file and briefs submitted by Plaintiff contain and reference material that was not before the trial court in its review of the motion, Defendants' "Motion to Strike Portions of the Legal File Submitted by Appellant and Related Portions of the Appellant's Brief" taken with the case is hereby granted.

there is no evidence that the dog in question had any prior vicious propensities; (3) there is no evidence that Defendants were aware of any such prior vicious propensities; (4) there is no evidence that Defendants maintained any control over the premises which led to A.T.'s injury; and (5) there is no evidence that Defendants owned, harbored, or possessed the dog.

The motion asserted that the following facts were material and uncontroverted ("Defendants' SUMF")[5]

1. Defendant Roger Satterfield leased the property at 1211 N. Main Street, Apt. A, Nixa, Missouri (the "subject property"), to tenant [Ms.] Fors and said lease was in effect on April 3, 2014.

2. [Wyatt] was living with [Ms. Fors] at the subject property on April 3, 2014.

3. The dog that bit [A.T.] was owned by [Wyatt].

4. The dog that bit [A.T.] had never displayed vicious behavior or tendencies prior to biting [A.T.].

5. Defendant Roger Satterfield was not aware of any vicious behavior or tendencies displayed by the dog in question prior to the time that it bit [A.T.].

6. Defendant Roger Satterfield was not aware of any vicious behavior or tendencies displayed by any of [Wyatt]'s dogs prior to the dog in question biting [A.T.].

7. Plaintiff cannot produce substantial evidence demonstrating that the dog in question constituted a nuisance at any time prior to biting [A.T.].

8. Defendant Roger Satterfield did not maintain control over [Wyatt]'s dog(s), the dog pen, the ropes or chains upon which the dog(s) were kept, or any other aspect of the property related to [Wyatt]'s dog(s)[.]

(Citations omitted.) Plaintiff admitted paragraphs 1, 2, and 3, and he objected[6] to and/or denied paragraphs 4 through 8.

---

[5] Defendants filed identical statements of uncontroverted material facts.
[6] Rule 74.04(c)(2) does not allow a party to "object" to a factual statement. ***Empire Dist. Elec. Co. v. Coverdell***, 588 S.W.3d 225, 233 n.5 (Mo. App. S.D. 2019). But because Plaintiff's responses were supported

The trial court granted summary judgment for Defendants based upon its determination that "the evidence [is] insufficient to create a genuine dispute of material fact as to whether [the dog] had vicious propensities or [Defendants] knew or should have known of the vicious propensities." It also concluded that "there is no evidence that [Defendants] knew or should have known of the [vicious] propensities." We will address Plaintiff's responses to specific numbered paragraphs of Defendants' SUMF as necessary to resolve the appeal.[7]

**Analysis**

"Summary judgment can be affirmed on appeal on an entirely different basis than that posited at trial and by any appropriate theory supported by the record." *Septagon Constr. Co. v. Industrial Dev. Auth. of City of Moberly*, 521 S.W.3d 616, 622 (Mo. App. W.D. 2017). Here, while the trial court granted summary judgment on the basis that there was no evidence of prior vicious propensities, or that Defendants knew of the same, we affirm on a different basis -- that Plaintiff could not produce evidence that Defendants harbored the dog (the fifth ground asserted in Defendants' motion for summary judgment).

The following SUMF facts are uncontroverted and support the grant of judgment in favor of Defendants. The dog that bit A.T. was owned by Wyatt. The dog was physically kept at the premises leased by Defendants to Ms. Fors. Defendants do not reside at the premises, and they do not own the dog.

---

by specific references to supporting materials, we ignore the objection and address the sufficiency of the denial on the merits. *Id.* at 233.

[7] All of Plaintiff's points run afoul of the requirements of Rule 84.04 in various ways, but Defendants have substantively responded to all of them, and the various defects are not so severe as to materially impede impartial review. We therefore exercise our discretion to review them *ex gratia*. *See City of Joplin v. Wallace Bajjali Dev. Partners, L.P.*, 522 S.W.3d 327, 331 (Mo. App. S.D. 2017). Such grace is not always granted, and its occasional extension should not be taken as a license to ignore the requirements of the rule.

There are two principles of law which bear mentioning here. The first, adopted in Missouri from the Restatement (Second) of Torts section 509(1) (Am. Law. Inst. 1977) ("the Restatement"), is set forth in ***Duren v. Kunkel***, 814 S.W.2d 935, 937 (Mo. banc 1991).

> A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing harm [citing the Restatement].

The parties do not dispute the fact that Defendants did not possess or own the dog. They all agree that Wyatt owned the dog and that the dog lived in a pen, along with six other dogs, at the premises Ms. Fors leased from Defendants.

The second principle, also adopted in Missouri from the Restatement, is applicable here and is stated as follows in ***Mathes By and Through Mathes v. Nolan***: "One who, although not in possession, harbors a wild animal or an abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it." 904 S.W.2d 353, 356 (Mo. App. E.D. 1995) (quoting the Restatement section 514). Comment *a.* to that section discusses what actions constitute "harboring" as follows:

> The rule stated in this Section imposes the same liability upon one who, although neither the owner nor the possessor of the animal, harbors it by making it part of his household. This he may do by permitting a member of his household, including those servants who are regarded as members, to keep the animal either in the house or on the premises that are occupied as the home of the family group of which he is the head. Thus a person harbors a dog or cat by permitting his wife, son or household servant to keep it in the house or on part of his land that is occupied by the family as a group. ***On the other hand, the possession of the land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make the possessor of the land liable as a harborer of the animal.*** Thus a father, on whose land his son lives in a separate residence, does not harbor a dog kept by his son, although he has the power to prohibit

5

the dog from being kept and fails to exercise the power or even if he presents the dog to his son to be so kept. The same is true when a master permits his servant to keep a dog in a house or part of the premises that is given over to the exclusive occupation of his servant. So, too, he does not become a harborer of a dog that he permits a friend to keep on his land unless he takes it into his home and thus makes it, as it were, a member of his household.

*Id.* (emphasis added). "Missouri courts have refused to extend liability in negligence[8] for harm caused by a domestic animal beyond owners, possessors, or harborers of animals." *Miles ex rel. Miles v. Rich*, 347 S.W.3d 477, 483 (Mo. App. E.D. 2011) (citing *Mathes*, 904 S.W.2d at 356).

Thus, the dispositive question here is whether Plaintiff would be able to produce evidence that Defendants could be said to have harbored the dog. Our cases have applied these principles in similar situations and have found no liability could be attributed to the landlord. In *Mathes*, the plaintiff sued the defendant – a landlord – for personal injuries a minor plaintiff received as a result of being bitten by an Alaskan Malamute owned by the defendant's tenant. 904 S.W.2d at 354. The defendant landlord did not reside on the leased premises. *Id.* Plaintiff sued the landlord after the dog lunged over the fence and caused permanent injuries to the minor child. *Id.*

*Mathes* relied on the Restatement principles noted above, as well as other Missouri cases that had applied them, in holding that "Missouri has adopted the Restatement view[,] which rejects landlord liability and this court is bound by that position." *Id.* (quoting

---

[8] While Plaintiff's claim against Defendants is based on nuisance, we see no meaningful distinction between a negligence claim and a nuisance claim for the purposes of applying these principles. Nor does the Restatement recognize such a distinction -- it simply states when an owner, possessor, or harborer "is subject to liability for harm done by the animal to another[.]" *See* the Restatement at sections 509, 514, and 518. In his brief, Plaintiff suggests that "Missouri Approved Jury Instruction 22.06 [1969 New]" (brackets as used in brief) sets the correct parameters for his nuisance action. "*If* the Missouri Approved Instructions include an instruction which correctly states the substantive law of [Missouri], the approved instruction must be given." *Meredith v. Missouri Pac. R.R. Co.*, 467 S.W.2d 79, 82 (Mo. 1971) (emphasis added). For the reasons set forth in this opinion (and perhaps for other reasons not discussed herein), the instruction relied on by Plaintiff does not follow the substantive law in Missouri that applies to dog bites.

***Barnett v. Rowlette***, 879 S.W.2d 543, 545 (Mo. App. W.D. 1994) (which held that a father did not harbor his adult son's dog and was not liable for injuries inflicted by the dog, even though the father owned the premises where son lived and approved of son's purchase of the dog)).

Here, Plaintiff admitted the first three numbered paragraphs of Defendants' SUMF, which are:

1. Defendant Roger Satterfield leased the property at 1211 N. Main Street, Apt. A, Nixa, Missouri (the "subject property"), to tenant [Ms.] Fors and said lease was in effect on April 3, 2014.

2. [Wyatt] was living with [Ms. Fors] at the subject property on April 3, 2014.

3. The dog that bit [A.T.] was owned by [Wyatt].

Paragraph 8 of Defendants' SUMF claimed the following to be an uncontroverted material fact:

8. Defendant Roger Satterfield did not maintain control over [Wyatt]'s dog(s), the dog pen, the ropes or chains upon which the dog(s) were kept, or any other aspect of the property related to [Wyatt]'s dog(s)[.]

In support of paragraph 8, Defendants cite various excerpts from deposition testimony, including Wyatt's testimony that "[e]verything to do with [his] dogs was [his] responsibility." In his response to paragraph 8, Plaintiff attempts to create a genuine issue of material fact by citing various evidentiary materials in support of his assertion that:

> The dogs' presence on the Property became a feature of the Property that Defendant[s] had the ability to control as the landlord. [] Even if there was no agreement concerning a duty to care for or be responsible for the dogs owned by [Wyatt], there is also no evidence that Defendant[s] shifted complete control or [sic] the Property and its shared, common areas to anyone.

7

This claim is of no benefit to Plaintiff as the Restatement makes clear that one harbors a dog only by making it a part of his household. The Restatement at section 514, comment *a*. Plaintiff has been unable to produce any evidence that the dog was a part of Defendants' household.

Because Defendants did not own, possess, or harbor the dog, the trial court did not err in entering judgment in favor of Defendants. The judgment is affirmed.[9]

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[9] Because none of Plaintiffs' points on appeal claim that Plaintiff's response to Defendants' motions for summary judgment demonstrated that Plaintiff would be able to produce evidence that Defendants harbored the dog, and such a demonstration was necessary to overcome Defendants' claim to judgment in their favor as a matter of law, we have no need to address those points.