**THOMAS BERKELEY CONSULTING ENGINEER, INC., Appellant,**

v.

**Allan H. ZERMAN, Respondent.**

No. 66831.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 12, 1995.

---

2. It also differs in that the attack in *Rantz* was to the power of the Commission to condemn the land whereas here the challenge at best is to the necessity.

Louis J. Basso, St. Louis, for appellant.

Cary J. Mogerman, Clayton, for respondent.

RONNIE L. WHITE, Special Judge.

Thomas Berkeley Consulting Engineer, Inc. (plaintiff), a Missouri corporation, sued attorney Allan H. Zerman (defendant) for wrongful garnishment. The garnishment was filed by defendant in a divorce action between the president of the corporation and his wife. Following the divorce action, plaintiff filed a civil action against defendant. The trial court granted summary judgment in favor of defendant and plaintiff appeals. We reverse and remand.

For purposes of the appeal, the facts are as follows. Thomas Berkeley (Berkeley) and Linda Berkeley (wife) were parties to a dissolution of marriage proceeding. Berkeley is the president of plaintiff. Wife was represented by defendant in the dissolution proceeding.

The trial court entered an Order Pendente Lite (PDL) for temporary support of wife. Berkeley failed to meet his financial obligations under the PDL order and defendant filed three garnishments against Berkeley and/or plaintiff. Plaintiff was never made a party to the dissolution action. At no time

was plaintiff indebted to wife or in possession of marital property.

Berkeley and wife ultimately reached a settlement agreement in the dissolution of their marriage. During the settlement proceeding, Berkeley orally released his claims against wife and defendant. Plaintiff and defendant dispute whether Berkeley released plaintiff's claims against wife and defendant. Berkeley did not execute a written release.

Plaintiff subsequently brought this wrongful garnishment action against defendant alleging it lost revenues, employees, and clients as a result of the garnishments on its corporate assets. In his answer, defendant pled plaintiff was estopped from pursuing the wrongful garnishment claim because of Berkeley's oral release during the dissolution proceeding. On May 25, 1993, defendant moved for summary judgment. This motion was denied. An amended motion was filed on June 14, 1994. This motion was identical to the initial motion except defendant added as reference a single case involving the issue of collateral estoppel. The court took judicial notice of the file in the wrongful garnishment action, the file in the dissolution action, and each of three garnishments filed by defendant against Berkeley and plaintiff. The court then granted defendant's motion for summary judgment holding no genuine issue of material fact existed regarding whether Berkeley was the alter ego of plaintiff. The court further found to ignore the relationship between Berkeley and plaintiff would result in an injustice and the garnishments were proper. This appeal followed.

■ Plaintiff raised no challenge to the sufficiency of the motion in the court below. On appeal, plaintiff asserts the motion does not comply with the particularity requirements of Rule 74.04(c)(1) and because of such failure the decision of the trial court should be reversed. We agree the motion is not in technical compliance with the Rule and such failure would justify the trial court or this court's denial of summary judgment. However, where the basis for the judgment is obvious to counsel, to the trial court and to the appellate court, this court is authorized to review the case on the merits. *Mathes v. Nolan*, 904 S.W.2d 353, 355 (Mo.App.E.D. 1995). This is particularly true in the present situation where plaintiff did not object to the motion's lack of particularity in the trial court. *Id.* Accordingly, as a matter of discretion we will review the merits.

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). On appeal of a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.*

On appeal, plaintiff argues the trial court erred in granting summary judgment to defendant because a genuine issue of material fact existed as to whether Berkeley was the alter ego of plaintiff and there was no factual or legal basis upon which the trial court could pierce the corporate veil. Plaintiff also contends genuine issues of material fact exist as to whether defendant wrongfully garnished the assets of plaintiff. Finally, plaintiff asserts the elements necessary to apply the doctrine of collateral estoppel do not exist and, therefore, this affirmative defense is not applicable.

■ Ordinarily, a corporation is regarded as a wholly and separate legal entity, distinct from the members who compose it. *Krajcovic v. Krajcovic*, 693 S.W.2d 884, 886 (Mo.App.E.D.1985). The mere fact of similar ownership and control does not in and of itself authorize piercing the corporate veil. *S.R. v. S.M.R.*, 709 S.W.2d 910, 914 (Mo.App. E.D.1986). To disregard the existence of a corporate entity, the control which the proponent must show is "complete domination, not only of the finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own...." *Dave Kolb Grading, Inc. v. Lieberman Corporation*, 837 S.W.2d 924, 936 (Mo.App.E.D.1992). The test for piercing the corporate veil is two pronged: first, the corporation must be controlled and influenced by persons or by another corporation; second, the evidence must establish the corporate cloak was used as a subterfuge to defeat public convenience, to

justify a wrong, or to perpetuate a fraud. *Id.* The inquiries we make here are does a genuine issue of material fact exist regarding whether plaintiff was controlled and influenced by Berkeley or whether plaintiff was manipulated through its interrelationship with Berkeley to cause illegality, fraud, or injustice.

In defendant's motion for summary judgment, he alleges plaintiff is a Missouri corporation wholly owned by Berkeley, defendant obtained a money judgment against Berkeley, and Berkeley failed to satisfy this debt. Defendant also states in his motion garnishments were issued against plaintiff and these garnishments were "filed in reliance upon the Missouri law that when a corporation is indistinct from the person controlling it, the corporate form may be disregarded if its retention would result in an injustice."

Defendant fails to present in his motion, however, any facts or other evidence establishing plaintiff is as a matter of law indistinct from Berkeley. Nor does defendant establish as a matter of law Berkeley's "complete domination, not only of the finances, but of policy and business practice...." *Id.* We note Berkeley is not the only employee of plaintiff. Additionally, defendant's reliance on the fact plaintiff is a corporation wholly owned by Berkeley is misplaced. This court has held in previous decisions a corporation will be regarded as a separate legal entity even though there is but a single stockholder. *K.C. Roofing Center v. On Top Roofing, Inc.,* 807 S.W.2d 545, 549 (Mo.App.W.D.1991).

Defendant also does not make any allegation Berkeley funneled funds or otherwise manipulated plaintiff to avoid payment of the PDL order to wife and, therefore, a question of material fact exists regarding whether plaintiff was used as a subterfuge to cause illegality, fraud, or injustice. In short, defendant's motion for summary judgment and other evidence relied on by the trial court is simply not sufficient to justify finding Berkeley was the alter ego of plaintiff and piercing its corporate veil. We need not address the remaining inquiry as to whether genuine issues of material fact exist regarding the wrongfulness of defendant's garnish-

ment of plaintiff's assets. Plaintiff's point on appeal is granted.

We must also address defendant's affirmative defense of collateral estoppel which defendant alleged in his motion for summary judgment. An order granting summary judgment will not be set aside on review if supportable on any theory. *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 243 (Mo. banc 1984). Our primary concern is the correctness of the result in the trial court, not the route taken to reach it. *Stein v. Stein,* 789 S.W.2d 87, 93 (Mo.App.E.D.1990).

Defendant argues plaintiff is collaterally estopped from pursuing the wrongful garnishment claim because plaintiff was in privity with Berkeley and, therefore, had its day in court when Berkeley orally released his claims for wrongful garnishment during the dissolution proceeding. "The doctrine of collateral estoppel applies when, once a court has determined an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first cause." *Missouri Insurance Guaranty Association v. Wal–Mart Stores, Inc.,* 811 S.W.2d 28, 32 (Mo.App.E.D.1991). This doctrine is designed to relieve the parties of the cost and vexation of multiple litigations, to conserve judicial resources, and to encourage reliance on adjudication by avoiding inconsistent decisions. *Id.* Collateral estoppel precludes the same parties, or those in privity, from relitigating issues which have been previously litigated. *Id.*

Four factors must be considered when determining if the application for collateral estoppel is appropriate: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.*

Parties are in privity for collateral estoppel purposes when the interests of the nonparty are so closely related to the

interests of the party, the nonparty can be fairly considered to have had his day in court. *Id.* The determination of whether the parties are in privity depends mainly on their relationship to the subject matter of the litigation. *Id.* "Privity is not established simply because the parties are interested in the same question or in proving or disproving the same state of facts." *Id.*

■ During the settlement proceeding of the dissolution action, Berkeley testified, in part, as follows:

Q. Now by the way, you had indicated at one time that you thought you had a claim, or might have a claim for wrongful garnishment against your wife and her agents and attorneys. As part of this settlement, are you agreeing to waive and release any claim that you might have against [wife], her agents or her attorneys?

A. Yes.

Q. And you understand that as part of a settlement, both of you are going to be essentially waiving and releasing any claims or causes of action you might have against the other?

A. I understand that.

We disagree with defendant's assertion plaintiff was collaterally estopped from pursuing its wrongful garnishment action against defendant as a result of Berkeley's testimony. As stated earlier, a genuine issue of material fact exists regarding whether Berkeley was the alter ego of plaintiff. We, therefore, cannot hold as a matter of law Berkeley's interests and plaintiff's were so closely related plaintiff can be said to have had the equivalent of its day in court. Although Berkeley released his own claims of wrongful garnishment against defendant, he never testified or otherwise indicated he was also releasing plaintiff's claims. Plaintiff, therefore, is not precluded from litigating its claim.

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

SMITH, P.J., and PUDLOWSKI, J., concur.