James Thomas **MAJOR**, Plaintiff,

v.

**FRONTENAC INDUSTRIES, INC.,**
**Defendant–Garnishor–Respondent,**
**Third Party Plaintiff,**

v.

**M.S. CHURCHMAN CO., INC.,** Third Party Defendant. Northwestern National Insurance Company, Garnishee–Appellant.

No. 72411.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1998.

Mark G. Arnold, Husch & Eppenberger, St. Louis, for Appellant.

Samuel B. Murphy, Jr., Murphy & Sindel, Clayton, for Respondent.

Newton Glen McCoy, Schwartz, Herman & Davidson, St. Louis, for Plaintiff James Thomas Major.

SIMON, Judge.

Northwestern National Insurance Company (garnishee) appeals from a grant of summary judgment in favor of garnishor, Frontenac Industries, Inc. (Frontenac), ordering garnishee to pay $51,000 to Frontenac, pursuant to a judgment against garnishee's insured, M.S. Churchman, Inc. (Churchman).

Garnishee's sole contention on appeal is that the trial court erred in entering judgment in favor of Frontenac, because garnishee was entitled to a judgment in its favor. Garnishee argues that Frontenac's failure to file timely exceptions admitted the truth of garnishee's defenses and required a judgment in its favor. We affirm.

It is well settled that when considering an appeal from summary judgment, we review the record in the light most favorable to the non-movant. *ITT Commercial Finance v. Mid–America Marine and Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). Our review is essentially de novo. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which are employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

Where the movant is a "claimant," he must establish that there is no genuine dispute as to those material facts upon which he would have had the burden of persuasion at trial. *Id.* at 381. Additionally, where the non-movant has raised an affirmative defense, a movant must establish that the affirmative defense fails as matter of law. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant's only recourse is to show, by affidavit, depositions, answers to interrogatories, or admissions on file that one or more of the material facts shown by the movant to be above any genuine dispute are, in fact, genuinely disputed. *Id.* at 381. A "genuine issue" exists where the record contains competent materials that support two plausible, but contradictory, accounts of essential facts. *Id.* at 382. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.*

Where, as here, the trial court grants summary judgment without specifying the basis upon which it is granted, we will uphold the summary judgment if it is appropriate under any theory. *Southwestern Bell Yellow Pages, Inc. v. Robbins,* 865 S.W.2d 361, 369 (Mo.App.1993).

The record reveals that this garnishment action was filed by Frontenac to enforce a judgment granted to Frontenac against garnishee's insured, Churchman, in an underly-

ing products liability action. *See Major v. Frontenac Industries,* 899 S.W.2d 895 (Mo. App.1995) (*Major I* ). In *Major I,* James Major (Major) was injured in October 1984 when he fell off an elevated platform manufactured by Churchman and sold by Frontenac. Major filed an action against Frontenac, and Frontenac filed a third party claim against Churchman for indemnification. Thereafter, Major, Frontenac, and Frontenac's insurer entered into a "Mary Carter" agreement. The agreement provided for an advance payment by Frontenac to Major of $50,000. The agreement further provided that the $50,000 payment would constitute a credit and be deducted from any final settlement between Frontenac and Major, or judgment against Frontenac. Major agreed that the total amount of his recovery against Frontenac was limited to the sum of an additional $1000 under Frontenac's insurance coverage and the full amount of any judgment entered in favor of Frontenac against Churchman, less attorney's fees and costs paid by Frontenac's insurer, up to $10,000.

At trial, the jury rendered a verdict in favor of Major against Frontenac on the personal injury claim in the amount of $455,-000, and a verdict in favor of Frontenac against Churchman on the third party claim for $455,000. Churchman filed a motion for judgment notwithstanding the verdict, or in the alternative, to amend the judgment, arguing that Frontenac's third party petition did not state a cause of action for more than the $51,000 actually paid to Major. The trial court granted the motion and entered a judgment for Major against Frontenac in the amount of $51,000 and a judgment in the same amount in favor of Frontenac against Churchman. On appeal, Major and Frontenac contended that the trial court improperly reduced the verdict against Churchman to $51,000. We affirmed, holding that the reduction in the verdict to $51,000 was proper according to the "Mary Carter" agreement. *Id.* at 898. We additionally noted that, pursuant to the "Mary Carter" agreement, the advance payments by Frontenac extinguished the further liability of Frontenac and that payment was made as far as Frontenac was concerned. *Id.* We rejected Churchman's contention, however, that Frontenac

was not entitled to indemnification, and affirmed the trial court's entry of judgment on the third party claim against Churchman. *Id.* at 899. For additional facts see *Major I.*

Pursuant to the judgment, Frontenac filed a garnishment and served interrogatories on garnishee, Churchman's insurer. Garnishee filed timely answers to the interrogatories admitting that it had issued a policy of insurance, that Churchman was named as an insured in the policy, that there was in excess of $75,000 remaining coverage under the policy, that Churchman has performed the necessary duties precedent to obtain coverage under the policy and has not breached any conditions of the policy, but denied liability. Specifically, garnishee argued that Churchman was not liable to Frontenac, who had received a credit against the judgment and additionally was not liable because the judgment was obtained by improper collusion between Major and Frontenac. Frontenac did not file exceptions to the answers within the 10 days proscribed by Rule 90.13(c). Thereafter, Frontenac filed a motion to file exceptions out of time, which the trial court granted. In its exceptions, Frontenac argued that Garnishee's answers were barred by collateral estoppel and res judicata.

Garnishee filed a motion for summary judgment, alleging that the trial court did not have jurisdiction to grant the extension of time to file exceptions, because the garnishment statute provides that "if the answer of the garnishee is not excepted to nor denied in proper time, it will be taken as true and sufficient." Section 525.210 RSMo 1994 (all further references shall be to RSMo 1994 except as otherwise noted). Because the exceptions were not filed in time, garnishee argued, garnishee's answers were to be taken as true. Therefore, garnishee contended, no issues of material facts were before the court and summary judgment should be granted to garnishee. The trial court denied the garnishee's motion.

Garnishee thereafter filed a response to Frontenac's exceptions, again alleging that the court was without jurisdiction to grant the motion to file out of time. Subsequently, Frontenac filed a motion for summary judg-

ment, alleging that garnishee's answers were insufficient as a matter of law and failed to state a defense to the garnishment action, because the answers sought to raise issues barred by res judicata and collateral estoppel. Garnishee filed a memorandum in opposition to Frontenac's motion for summary judgment with a supporting affidavit of garnishee's counsel. The memorandum and supporting affidavit reiterated garnishee's opposition to the trial court's grant of the motion to file exceptions out of time and garnishee's answers to the interrogatories. The trial court granted Frontenac's motion for summary judgment.

On appeal, garnishee essentially contends that the trial court erred in entering judgment in favor of Frontenac, because Frontenac's failure to file timely exceptions admitted the truth of garnishee's answers and required a judgment in favor of garnishee. Garnishee argues that because Frontenac did not comply with Rule 90.13(c), which provides that within ten days after service of the answers to the interrogatories, a garnishor may file exceptions to the answers, the facts contained in the answers are admitted, pursuant to Section 535.210. Garnishee also argues that the trial court did not have the power to extend the time to file exceptions and consequently Frontenac's filing out of time was not effective. Finally, garnishee argues that its answers state a complete defense to the garnishment, thus entitling it to summary judgment. In response, Frontenac argues that the trial court did have the authority to extend the time for filing exceptions. Frontenac also contends that garnishee's answers were barred by res judicata and collateral estoppel and thus do not state a defense to the garnishment action.

Because we find that garnishee's answers did not state a defense to the garnishment, we need not address the trial court's authority to extend the time for filing exceptions. The garnishee's answers do not state a defense to the garnishment entitling garnishee to a judgment, because those answers do not essentially allege facts, but rather constitute a collateral attack on the underlying judgment in *Major I.*

A collateral attack on a judgment is an attempt to impeach the judgment in a proceeding not instituted for the purpose of annulling the judgment. *Travis v. Contico Intern., Inc.*, 928 S.W.2d 367, 369 (Mo.App. 1996). Res judicata, or claim preclusion, precludes the same parties from relitigating the same cause of action in a proceeding not instituted for the purpose of annulling the earlier adjudication. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo.banc 1979). Collateral estoppel, or issue preclusion, precludes the same parties, or those in privity with the parties, from relitigating issues which have been previously adjudicated. *Id.* Here, garnishee is attempting to relitigate the same issues, raised in *Major I.* In reviewing whether an application of collateral estoppel is appropriate, the court should consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior litigation; (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.*

The first factor to consider is whether the issues in the present action are identical to the issues already decided in *Major I.* *Oates* 583 S.W.2d 713, 719. Here, the issues raised in the answers are essentially identical to issues already decided in *Major I*, i.e. the liability of Churchman, its insured. Garnishee argued in its answers that no coverage applied because Churchman is not properly indebted to Frontenac for several reasons, including that Frontenac received $50,000 credit against the judgments for the amounts paid under the "Mary Carter" agreement and that the underlying judgment was obtained by improper collusion between Major and Frontenac. Each of these issues was resolved by the court in *Major I.*

In *Major I*, we noted that under the terms of the "Mary Carter" agreement, Frontenac agreed to make a $50,000 payment on the execution of the agreement. Major agreed that the total amount that could be collected

from Frontenac and its insurer would be limited to: an additional one thousand dollar payment under the insurance coverage; and the full amount of any settlement or judgment against Frontenac, but only to the extent that a judgment of fault was entered and collected in favor of Frontenac and against Churchman. *Major* at 898. Further, we stated that under the circumstances the liability of Frontenac was extinguished and the "payment made" insofar as Frontenac was concerned. *Id.* Obviously, the trial court was aware that the advance payment of Frontenac was to constitute a credit against the judgment against Frontenac. Armed with this knowledge, we upheld the judgment for $51,000 against Churchman and in favor of Frontenac for indemnity. To say that Churchman is not now liable because of this advance payment, which was before the trial court in *Major I*, would be to attempt to retry an issue already decided.

Garnishee's second defense, that the judgment was obtained by collusion, is identical to an issue previously decided in *Major I*. Garnishee argues that there was an unwritten aspect of the agreement that was not communicated to the court in *Major I* or to Churchman, until after the trial. This alleged unwritten aspect of the agreement was that Frontenac was obligated to pay Major all amounts Frontenac recovered from Churchman, in addition to the $50,000 pursuant to the agreement. Garnishee claims that the undisclosed agreement to pay Major any amounts Frontenac collects from Churchman is an effort to make Frontenac a "conduit" to Major from Churchman, which, according to garnishee, this court in *Major I* held that the law would not permit. Our reading of *Major I* reveals that we acknowledged that the "Mary Carter" agreement provided that the total amount collected by Major would be limited to the $50,000 paid, an additional $1000 from Frontenac's insurer, and "the full amount of any settlement or judgment against Frontenac to the extent that a settlement or judgment for indemnity, contribution or apportionment of fault was entered in favor of Frontenac and against Churchman and collected." *Major* at 898. Additionally, the court upheld the judgment against Churchman, expressly acknowledging that

Frontenac was acting as a "conduit." *Id.* Garnishee cannot now argue that the agreement that the money collected by Frontenac from Churchman would be paid to Major was unknown, as we expressly acknowledged that. Further, garnishee cannot argue that had the trial court known that Frontenac was acting as a conduit, the judgment would not have been entered, because we, in affirming the judgment, expressly acknowledged that Frontenac was acting as such. *Id.* Because these precise issues were already decided in *Major I*, garnishee cannot reassert them as affirmative defenses in the present action.

The second factor to consider is whether the prior adjudication resulted in a judgment on the merits. *Oates* 583 S.W.2d 713, 719. Here, it is clear that a judgment was reached on the merits of the products liability action finding Churchman liable to Frontenac for indemnification in *Major I* on Frontenac's third party claim.

The third factor to consider is whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. *Oates* 583 S.W.2d 713, 719. Garnishee was not a named party in *Major I*, but its insured, Churchman, was a party to that action. Parties are in privity for purposes of collateral estoppel if the interests of the non-party are so closely related to the interests of the party, the nonparty can be fairly considered to have had his day in court. *Thomas Berkeley Consulting, Inc. v. Zerman*, 911 S.W.2d 692, 696 (Mo.App.1995). The determination of whether the parties are in privity depends mainly on their relationship to the subject matter of the litigation. *Id.*

Here, the interests of Churchman, a third-party defendant in the underlying product liability action in *Major I*, and its insurance company, the garnishee, are closely related. The only issues garnishee raises are issues of Churchman's liability for indemnification of Frontenac, an issue on which the parties' interests are closely related. The garnishee's liability to pay Frontenac is completely contingent upon Churchman's liability to Frontenac; had Churchman been exonerated, the garnishee would have been also.

Churchman had every incentive to fully litigate the issue of its own liability in *Major I*, and in fact actively did so. Churchman lost on the issues of liability for indemnification and damages at trial, there is no reason why garnishee should now be permitted to reargue those issues. Thus, garnishee and its insured, Churchman, are one as to the issues of liability and damages.

The final factor to consider is that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates,* 583 S.W.2d 713 at 719. In *Major I*, garnishee, through its insured, Churchman, had a full and fair opportunity to litigate the issue of Churchman's liability to indemnify Frontenac. Churchman's liability was the primary issue raised by Churchman in *Major I*. Churchman had every incentive to litigate the issues as credit given to Frontenac and the collusion evidenced by Frontenac's role as a "conduit," and those identical defenses were raised by Churchman and rejected by this court in *Major I*.

Concluding, we find that the requirements of collateral estoppel are satisfied, and that garnishee is precluded from raising in its answers to the garnishment the defenses previously rejected. Therefore, those answers are not valid defenses to the garnishment, and garnishee is not entitled to summary judgment based on them.

Because garnishee's answer to the interrogatories admitted that it had issued a policy of insurance, that Churchman was named as an insured in the policy, that there was in excess of $75,000 remaining coverage under the policy, that Churchman has performed the necessary duties precedent to obtain coverage under the policy and has not breached any conditions of the policy, and the defenses raised failed as a matter of law, summary judgment was properly granted.

JUDGMENT AFFIRMED.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.