**Benjamin FISCHER, by and through his Next Friend, Elisabeth White SCARBOROUGH, Appellant,**

v.

**Mark FISCHER and Bonnie Fischer, Respondents.**

**No. WD 58225.**

Missouri Court of Appeals, Western District.

Dec. 26, 2000.

M. Corinne Corley, Kansas City, for Appellant.

Ronald K. Barker, Kansas City, for Respondent.

Before BRECKENRIDGE, P.J., and ULRICH and HOWARD, JJ.

HOWARD, Judge.

Benjamin Fischer, by and through his next friend Elisabeth White Scarborough, his mother (hereinafter "Elisabeth"), filed a petition in the Circuit Court of Jackson County, Missouri, seeking monetary damages for emotional harm resulting from

alleged sexual abuse by his father, Mark Fischer (hereinafter "Mark"), and from his stepmother, Bonnie Fischer's (hereinafter "Bonnie") failure to keep him safe from harm and failure to provide him with good care. Mark had previously won a malicious prosecution judgment against Elisabeth, stemming from the allegations of sexual abuse. The trial court granted summary judgment to Mark and Bonnie, finding that Benjamin, by and through his next friend Elisabeth, was "collaterally estopped from further litigating the issues before the Court." This appeal followed.

For the reasons set forth below, the summary judgment is reversed, and the case is remanded to the trial court for further proceedings.

### Facts

Elisabeth and Mark were married in 1984 and divorced in 1986. Pursuant to their divorce decree, Elisabeth had custody of their only son, Benjamin (born in 1983), and Mark was allowed visitation. Mark subsequently married Bonnie.

In 1989, Elisabeth took Benjamin to their local police station, where Benjamin told police that Mark had sodomized him. After investigation, Mark was indicted by a grand jury for felony child abuse. The prosecutor dismissed the case against Mark two years later. Elisabeth had also filed a petition for an *ex parte* order of protection in 1989. However, she failed to appear at the hearing, so that action was also dismissed.

In September of 1991, after the sexual abuse allegations against him were resolved with the police and the courts, Mark sued Elisabeth for malicious prosecution and abuse of process. A jury found in Mark's favor and awarded actual and punitive damages totaling $200,000. Elisabeth did not appeal the judgment. Instead, allegedly on the advice of counsel, she sought to discharge the judgment in bankruptcy. The debt was found to be nondischargable. *In re Scarborough,* 171 F.3d 638 (8th Cir.1999), *cert. denied,* 528

U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999) (concluding that the malicious prosecution judgment against Elisabeth "necessarily included a finding that [Elisabeth] wilfully [sic] and maliciously sought to injure [Mark]." Thus, that judgment collaterally estopped relitigation of the issue of whether the judgment resulted from willful and malicious conduct, and the Bankruptcy Code excepts from debts dischargeable in bankruptcy any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6)(1994)).

In 1997, after her attempt to block the revival of the judgment failed, Elisabeth petitioned the Circuit Court to be appointed next friend of Benjamin pursuant to Missouri Rule of Civil Procedure 52.02(b) (1997). She then filed a petition in Benjamin's name, as his next friend, alleging that during periods of Benjamin's visitation with Mark in 1988, Mark sexually abused Benjamin. Bonnie was also named as a defendant. It was alleged that Bonnie knew of the abuse, had a duty to protect Benjamin, and did nothing to protect him from the abuse. The petition requested damages for emotional distress. On December 23, 1999, the trial court granted Mark and Bonnie's summary judgment motion, summarily holding that "Plaintiff [was] collaterally estopped from further litigating the issues before the Court." This appeal followed.

### *Point I: Collateral Estoppel*

■ Appellant (Benjamin, by and through his next friend Elisabeth) alleges that the trial court erred in finding collateral estoppel applied to bar his claim because (1) Benjamin, the "true party in interest in the instant case," was not a party to the earlier actions and did not have a full and fair opportunity to litigate his claims against Mark and Bonnie; and (2) the issues were not the same in the first case involving Mark and Elisabeth as

they were in the present action.[1]

■ Also referred to as "issue preclusion," the collateral estoppel doctrine "provides that an issue judicially determined in one action may not be relitigated in another action." *Shahan v. Shahan*, 988 S.W.2d 529, 532 (Mo. banc 1999). There are four elements to a collateral estoppel claim: (1) the issue decided in the first action must be identical to the issue in the second action; (2) the prior litigation must have resulted in a final judgment on the merits; (3) the party to be estopped must have been a party or in privity with a party to the prior adjudication; and (4) that party must have had a full and fair opportunity to litigate the issue in the prior suit. *Id.* at 532–33.

As discussed below, appellant was not a party to the first action,[2] nor was he in privity with either party. All elements must be satisfied in order for the doctrine of collateral estoppel to apply.

**Element (3): Party or in privity with a party to the prior adjudication:**

■ A. PARTY: Respondents argue that because the second action was brought by Benjamin *by and through his next friend Elisabeth*, under Rule 52.02(a), it is Elisabeth who commenced and prosecuted the second action of Benjamin versus Mark, and thus, she is the plaintiff in the case, not Benjamin. In essence, they seek to estop *Elisabeth* from bringing the second action against Mark under the doctrine of collateral estoppel. However, "a next friend is not a party to the litigation except as a statutory vehicle to enable [an infant] to prosecute [his or her] action." *State ex rel. Weber v. Vossbrink*, 333 S.W.2d 298, 302 (Mo.App.1960); § 507.110

RSMo 1994. Therefore, Elisabeth is not a party to the second action. Benjamin was clearly not a party to the first action. Thus, estoppel cannot be applied on the ground that the party sought to be estopped from going forward with the second action was a party to the first action. *Shahan*, 988 S.W.2d at 532.

■ B. PRIVITY: Therefore, we must determine whether Benjamin was in privity with Elisabeth so as to bar his subsequent action against Mark. Although often difficult to apply, the privity element has been explained as follows:

> Parties are in privity for purposes of collateral estoppel if the interests of the non-party are so closely related to the interests of the party, the nonparty can be fairly considered to have had his day in court. The determination of whether the parties are in privity depends mainly on their relationship to the subject matter of the litigation.

*Major v. Frontenac Industries, Inc.*, 968 S.W.2d 758, 762 (Mo.App. E.D.1998) (citations omitted). "Privity is not established simply because the parties are interested in the same question or in proving or disproving the same state of facts." *Cox v. Steck*, 992 S.W.2d 221, 224 (Mo.App. E.D. 1999).

In the first action, Mark sued Elisabeth for malicious prosecution. Elisabeth's interests in that case were in defending herself by showing that she did not act, as the jury instructions in the first action read, "primarily for a purpose other than that of bringing an offender to justice and without reasonable grounds." Thus, Elisabeth was required to show that she had "reasonable grounds" for instigating a judicial proceed-

---

1. Appellant addresses *res judicata* in a portion of appellant's brief. "*Res judicata* precludes the same parties from relitigating the same claim ('claim preclusion'); collateral estoppel precludes the same parties from relitigating an issue which has been previously adjudicated ('issue preclusion')." *Stine v. Warford*, 18 S.W.3d 601, 605 (Mo.App. W.D.2000). The trial court's judgment was expressly based on

collateral estoppel. Thus, we do not address the issue of *res judicata*.

2. For purposes of this opinion, the malicious prosecution action of Mark versus Elisabeth will be referred to as the "first action" and the case of Benjamin, by and through his next friend Elisabeth, versus Mark and Bonnie will be referred to as the "second action."

ing against Mark.[3] In the second action, Benjamin, by and through his next friend Elisabeth, has sued Mark and Bonnie, seeking monetary damages for emotional harm resulting from the alleged sexual abuse. Benjamin must prove that the alleged sexual abuse *did in fact occur* in order to succeed in his cause of action.

We found no cases directly on point. However, the Restatement (Second) of Judgments § 36 cmt. b., illus. 5 (1982) illustrates our point. This illustration builds on the facts set forth in illustration 3, which are as follows: "In a collision between cars driven by A and B, A is injured, B is killed, and C, who is B's wife, is also injured." From these facts, illustration 5 explains as follows:

> D, the child of B and C, is also injured in the collision. C brings an action for the wrongful death of B, but judgment is given for A. The judgment does not preclude C from bringing an action as D's next friend for D's injuries, nor is she in that capacity precluded from relitigating the issues determined in the first action.

*Id.*

■ In conclusion, we find that on these facts Benjamin's interests were not "closely related" to Elisabeth's interests in the first action, so he cannot "be fairly considered to have had his day in court." *Major*, 968 S.W.2d at 762. All elements of collateral estoppel must be satisfied in order to apply the doctrine. Having found the third element of privity is not satisfied, we do not address the remaining elements. Benjamin's second action, brought by and through his next friend Elisabeth, is not barred by Mark's first action in which he successfully sued Elisabeth for malicious prosecution.

**3.** As stated by the 8th Circuit in *In re Scarborough*, 171 F.3d at 643, "when the jury held [Elisabeth] liable for malicious prosecution, it necessarily found that [she] stimulated, promoted, or encouraged the criminal charges and the petition for a protective order that were brought against [Mark] (and later dis-

### Conclusion

Having found that respondents have not satisfied the third element of collateral estoppel, i.e. Benjamin was not a party or in privity with a party to the first action, respondents Mark and Bonnie Fischer are not entitled to summary judgment in the second action. We reverse the summary judgment and remand the case to the trial court for further proceedings on Benjamin's petition.

BRECKENRIDGE, P.J., and ULRICH, J., concur.

missed); that she instigated the charges and the petition for a 'purpose' other than bringing [Mark] to justice; and that she did so under circumstances such that a reasonably prudent person would not believe that [Mark] was guilty of sodomizing his son."