**STATE of Missouri ex rel. Diana S. (Parrish) DRAIN, Relator,**

v.

**The Honorable Fred E. SCHOENLAUB, Judge of the Circuit Court of Buchanan County, Missouri, Respondent.**

**No. KCD 28033.**

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1975.

Utz, Litvak, Thackery, Utz & Taylor, Errol D. Taylor, St. Joseph, for relator.

Dale, Flynn, Bauman & Liles, Joseph L. Flynn, St. Joseph, for respondent.

Before PRITCHARD, C. J., and SHANGLER, DIXON, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

SHANGLER, Judge.

Our preliminary rule in prohibition went down on a petition which alleged that the respondent circuit judge pretended jurisdiction to alter custody of an infant from one parent to another in a proceeding altogether devoid of proof of changed condition.

The underlying litigation [a motion by the father for change of custody of the

infant Stephen from the mother] was prompted by the motion of the mother [our relator] for formal approval of the respondent judge to remove the child from the jurisdiction for permanent residence in Arizona. The respondent had awarded custody of Stephen to the relator as incident to the divorce of May 5, 1972, a custody which remained uninterrupted. In early 1975 the relator planned remarriage, and since her promised spouse had found favorable employment in Arizona, she petitioned the respondent judge for permanent removal of the child from Missouri. [The award under the decree of divorce had been entered without restriction as to situs of custody.] The father countered with a motion for change of custody to him on the premise that the best interest of the child would be served by remaining in Missouri with the paternal family.

The court heard evidence on the motions and found that the relator was a fit and proper custodian, that although the child would benefit in material terms by removing from the state with the relator [now married] and her new husband, the child was to remain within the jurisdiction so that access by the father would not be impaired. Thereupon, the court overruled motion of relator for authority to remove the child and concurrently took the motion of the father for change of custody under advisement on condition, however, that the motion of the father would be sustained should relator remove herself from the jurisdiction.

The relator moved to set aside this judgment, and that the court enter final judgments allowing her to remove the child to Arizona and denying the motion of the father for custody. In support, the relator exhibited a verification that she intended to remain in Missouri and to provide a suitable home within the state so as to comply with the condition for continued custody imposed by the order of the court. Notwithstanding, the respondent announced *in camera* his intention to overrule the after-trial motions of the relator and to enter an order of immediate effect changing the custody of the child Stephen from the relator to the father.

Our preliminary rule intervened to prohibit the respondent judge from proceeding further with the cause pending our determination of the jurisdictional issue: whether the proposed order of custody of the father—presumptively based on the changed condition that the mother had removed permanently from Missouri—was without basis in proof.

The parties stipulated that pending the adjudication of that issue in this court, first the mother and then the father have the exclusive physical control and custody of the infant Stephen for a designated period of time. At the conclusion of these stipulated periods, the father once again returned physical custody of the child to the mother who [conceded by her counsel on oral argument] without consent of the father or approval of the court has removed with the child to Arizona for permanent residence where he is presently enrolled in school. The relator has thereby effectively rendered moot her plea for relief, for if we assume the contention of her petition that there was no proof of change of condition by reason of removal from the jurisdiction at the time custody of the child was ordered given to the father, her removal to Arizona has since supplied a factual basis for that judgment.[1] Our decision, therefore, could have no practical effect on the controversy presented. *State ex rel. Cervantes v. Bloom*, 485 S.W.2d 446, 448 (Mo.App.1972).

To continue to press our writ against the respondent, therefore, would be supererogatory and useless. Accordingly, we quash

---

1. We do not reach whether, nevertheless, the trial court may have abused his discretion in ordering a change of custody on such evidence; the writ of prohibition does not reach trial error.

the preliminary rule in prohibition which issued upon a petition now moot.

All concur.