**STATE of Missouri ex rel. Charles HEIDELBERG and Sandra Heidelberg, Relators,**

v.

**The Honorable Calvin R. HOLDEN, Judge of the Circuit Court of Greene County, Missouri, Respondent.**

No. 25147.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 2003.

---

Thomas Y. Auner, Springfield, for Relators.

John E. Price, Rodney H. Nichols, Carnahan, Evans, Cantwell & Brown, P.C., Springfield, for Respondent.

NANCY STEFFEN RAHMEYER,
Chief Judge.

Charles Heidelberg and Sandra Heidelberg (collectively, "Relators") seek this court's writ of prohibition to prevent The Honorable Calvin R. Holden ("Respondent") from compelling them to respond to post-judgment discovery and to testify and produce documents at a judgment debtor's examination. Relators have asserted their privilege against self-incrimination as secured by the Fifth Amendment to the United States Constitution and by Article I, § 19 of the Missouri Constitution. We

---

1. Plaintiff Savannah Place, Ltd. is a corporation formed by Carol Jones and Carol Jones, Trustee, which acquired notes guaranteed by Relators as well as by Carol Jones and Carol Jones, Trustee.

2. Relators have appealed the underlying judgment to this court in Appeal No. 25070–1.

issued our preliminary writ, which we now make absolute.

■ Prohibition is a discretionary writ that lies to prevent abuse of judicial discretion, avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–57 (Mo. banc 2001). A writ is not to serve as a remedy for all legal difficulties, nor is it a substitute for appeal, but it is an extraordinary remedy that should lie only in cases of extreme necessity. *State ex rel. Lopp v. Munton,* 67 S.W.3d 666, 670 (Mo.App. S.D.2002). The burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption in favor of the trial court's ruling. *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo.App. S.D. 1997). The appellate court's review is limited to the record made in the court below. *Id.*

The facts necessary to the disposition of this writ application are as follows:

June 19, 2002: in the underlying suit, Savannah Place, Ltd. ("Plaintiff")[1] obtained judgment against Relators based upon Relators' personal guarantees on certain notes.[2]

June 28, 2002: pursuant to Rule 76.28[3], Plaintiff submitted post-judgment interrogatories and requests for production of documents to Relators.

August 2, 2002: Plaintiff filed a motion to conduct judgment debtors' examinations of each of the Relators and to compel

---

Apparently a supersedeas bond has not been filed in that case, Plaintiff pursued collection efforts notwithstanding Relators' appeal.

3. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

answers to the post-judgment discovery requests.

August 20, 2002: Respondent granted Plaintiff's motion to conduct judgment debtors' examinations of Relators and entered orders for the examinations to commence on September 10, 2002 with Relators to produce the documents at that time.

August 27, 2002: Relators asserted their rights against self-incrimination in their responses to Plaintiff's post-judgment interrogatories and requests for production of documents. Relators also filed a motion requesting the court to enter an order quashing Plaintiff's request for production of documents at the debtors' examinations.

August 28, 2002: the prosecutor for Greene County, Missouri issued to each Relator a grant of use immunity that stated:

Debtor, is granted use immunity from prosecution as to any statement made at the judgment debtor's examination, scheduled on or after August 28, 2002, (or as continued by Court Order) in the Circuit Court of Greene County, Case Number 100CC0797. Such use immunity shall protect said debtor from prosecution for any offense related to the content of statements made at the judgment debtor's examination, by way of testimony or documents produced by said debtor. Said use immunity shall be limited to and only apply as [sic] along as:

A. The question asked, the answer given or the document(s) produced directly relate to debtor's ability and means to satisfy said judgment;

B. The answer by debtor is responsive to the question asked by creditor's attorney and shall specifically exclude any questions asked by debtor's attorney, and shall specifically exclude any answer debtor volunteers containing ir-

relevant information not sought by the question which directly or indirectly tends to incriminate debtor; and

C. Debtor's answer is complete and truthful. Said grant of use immunity does not include use of debtor's testimony at the debtor's examination to prove perjury by debtor at the debtor's examination or perjury by debtor at a previous time when said testimony is used other than for the content of the statement made.

The use immunity herein shall expire at 5:00 p.m. on January 1, 2003, or as further extended by further grant of use immunity by the Prosecuting Attorney. The use immunity is granted with the conditions and time frame as specified above on this 28th of August, 2002.

August 30, 2002: the grants of immunity were filed with the trial court.

September 4, 2002: Relators again raised their privilege against self-incrimination in their Supplemental Motion to Quash Production of Documents at Debtors' Examinations and Motion for Protective Order Regarding Debtors' Examinations, Interrogatories and Request for Production of Documents.

September 5, 2002: Relators' Supplemental Motion to Quash Production of Documents at Debtors' Examinations and Motion for Protective Order Regarding Debtors' Examinations, Interrogatories and Request for Production of Documents was overruled by Respondent.

September 9, 2002: Plaintiff filed a motion for contempt against Relators for their failure to produce the documents requested and to answer Plaintiff's interrogatories. Relators filed their Application for Writ of Prohibition with this court.

September 10, 2002: the trial court heard arguments on Plaintiff's motion for

contempt and ordered Relators to immediately produce the documents requested by Plaintiff and to answer Plaintiff's interrogatories. Respondent also ordered Relators to appear for their judgment debtors' examinations and to produce the requested documents at the examinations. Based upon the county prosecutor's grants of immunity, Respondent ordered Relators to answer questions propounded to them at the judgment debtors' examinations without assertion of any claims of privilege against self-incrimination. Ruling on Plaintiff's motion for contempt was withheld pending this court's ruling on Relators' Application for Writ of Prohibition. Relators appeared for their debtors' examinations and refused to answer any questions propounded by Plaintiff, to produce any documents, or to answer any interrogatories and again asserted their privilege against self-incrimination.

September 19, 2002: this court entered a preliminary order in prohibition directing Respondent to refrain from enforcing the orders dated August 20, 2002, September 5, 2002, and September 10, 2002.

We now make the preliminary writ of prohibition absolute.

In their first point relied on, Relators argue that Respondent exceeded his jurisdiction by attempting to compel Relators to answer post-judgment interrogatories and requests for production of documents as specified in Respondent's orders of August 20, 2002, September, 5, 2002, and September 10, 2002 because once they asserted their privilege against self-incrimination, a rebuttable presumption arose that the documents and their answers would tend to incriminate them, and Respondent then was required to find that Relators' responses could not possibly have the tendency to incriminate them. After post-judgment discovery was submitted to Relators pursuant to Rule 76.28 [4], Relators asserted their privilege against self-incrimination but Plaintiff failed to present any evidence showing that Relators' responses would not incriminate them. Because Respondent did not find that Relators' responses could not possibly incriminate them, Relators contend the court exceeded its jurisdiction by ordering Relators to respond to the post-judgment discovery. Relators' first point has merit.

It is axiomatic that the privilege against self-incrimination protects the individual from being involuntarily called as a witness against himself in a criminal prosecution. *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 768 (Mo. banc 1987). The court in *State ex rel. Long v. Askren* summarized Missouri law with respect to assertions of the privilege against self-incrimination at debtors' examinations as follows:

> The privilege against self-incrimination is guaranteed by the Fifth Amendment of the United States Constitution and Article I, section 19 of the Missouri Constitution. To avail oneself of the guaranteed right, one must assert the right. The privilege extends to judgment debtors examined pursuant to section 513.380. Thus, a judgment debtor examined pursuant to section 513.380, who invokes the privilege against self-incrimination, cannot be compelled to answer a question the answer to which may tend to incriminate him. An answer that incriminates is an answer which discloses a fact that would form a necessary and essential part of a crime, which is punishable by the laws. The privilege ex-

---

4. Rule 76.28 limits the scope of post-judgment discovery of assets to "matters, not privileged, that are relevant to the discovery of assets, including insurance, or income subject to execution or garnishment for the satisfaction of judgments."

tends not only to refusing to answer the question asked, but also to refusing to explain how the answer might incriminate the witness. Once a witness invokes the right against self-incrimination, a rebuttable presumption arises that the answer to the question posed might tend to incriminate him. The party questioning the witness may rebut the presumption by demonstrating that the answer to the question posed cannot possibly tend to incriminate the witness. The trial court can compel the witness to answer the question only after it finds, as a matter of law, that the witness' response to the question cannot possibly tend to incriminate the witness.

*State ex rel. Long v. Askren,* 874 S.W.2d 466, 471–72 (Mo.App. W.D.1994) (citations omitted). The privilege against self-incrimination also applies to discovery because a document in the possession of a witness is barely distinguishable from requiring testimony when the facts are within the knowledge of the witness. *Id.* at 475–76.

It is clear that Relators are correct in their point relied on that once they asserted their privilege against self-incrimination, a presumption arose that their answers would tend to incriminate them. Because Plaintiff presented no evidence to rebut that presumption and because the court did not make any findings that the answers could not possibly have the tendency to incriminate Relators, in the absence of the grant of immunity, the trial court exceeded its jurisdiction. That does not end our inquiry; however, as we must now decide whether the grants of immunity were sufficient to overcome Relators' privilege against self-incrimination in our review of Relators' second point relied on. *See State ex rel. Munn,* 733 S.W.2d at 770.

■ In their second point relied on, Relators argue that, by their express terms,

the county prosecutor's grants of use immunity do not provide Relators immunity for interrogatory answers or documents produced in response to the post-judgment discovery requests. We agree. The county prosecutor's grant of immunity to each of the Relators provides:

Debtor, is granted use immunity from prosecution as to any statement made at the judgment debtor's examination, scheduled on or after August 28, 2002, (or as continued by Court Order) in the Circuit Court of Greene County, Case Number 100CC0797. Such use immunity shall protect said debtor from prosecution for any offense related to the content of statements made at the judgment debtor's examination, by way of testimony or documents produced by said debtor ... The use immunity herein shall expire at 5:00 p.m. on January 1, 2003, or as further extended by further grant of use immunity by the Prosecuting Attorney. The use immunity is granted with the conditions and time frame as specified above on this 28th of August, 2002.

According to its express terms, the grant of use immunity applies only to statements or documents produced by Relators at the debtor's examination and does not provide immunity from prosecution for Relators' responses to the post-judgment discovery requests. Because the grants of immunity do not apply to Relators' responses to Plaintiff's post-judgment discovery, they are not sufficient to overcome Relators' privilege against self-incrimination and thus, do not rebut the presumption that Relators' responses could incriminate them. Furthermore, the grant of immunity stated that it expired at 5:00 p.m. on January 1, 2003. It is not clear what that expiration date means.

Respondent apparently admits the original grants of immunity were defective in

that he relies upon a subsequent grant of immunity to claim that Relators' first two points are moot. Respondent argues that Relators' first and second points relied on are moot because on November 20, 2002 the county prosecutor issued an expanded grant of use immunity to Relators that also provided immunity from prosecution for their responses to Plaintiff's post-judgment discovery and immunity from prosecution for each Relator for statements made by the other Relator. Copies of these grants of immunity were not included in Relators' Application for Writ of Prohibition, but were included in the Appendix to Respondent's brief. Respondent claims that this court should consider these expanded grants of immunity because events occurring after issuance of a preliminary writ of prohibition can render the proceeding moot and cites to *State ex rel. Drain v. Schoenlaub*, 529 S.W.2d 924 (Mo.App.1975); and *State ex rel. Oswald v. Buford*, 518 S.W.2d 690 (Mo.App.1975).

While it is true that an event subsequent to the issuance of a preliminary writ of prohibition can render a proceeding moot, such an event renders the proceeding moot only if the event makes the court's decision unnecessary or a grant of effectual relief impossible. *State ex rel. County of Jackson v. Missouri Public Service Comm'n*, 985 S.W.2d 400, 403 (Mo.App. W.D.1999). In this case, Relators requested a writ of prohibition relating only to Respondent's orders that were based on the grants of immunity dated August 28, 2002. Respondent has not issued any orders based upon the grants of immunity dated November 20, 2002, and this court's preliminary order in prohibition only prohibits enforcement of Respondent's orders dated August 20, 2002, September 5, 2002, and September 10, 2002. This court's decision is still necessary and a grant of effectual relief is not impossible in this case because the grants of immunity dated August 28, 2002 do not

provide sufficient protection to overcome Relators' privilege against self-incrimination. If this court does not make its writ prohibiting the enforcement of the orders dated August 20, 2002, September 5, 2002, and September 10, 2002 absolute, Relators will be forced to choose between being found in contempt or foregoing their constitutional privilege against self-incrimination. Therefore, we decline to consider the grants of immunity dated November 20, 2002.

We find that Respondent exceeded his jurisdiction in compelling Relators to produce documents and answer interrogatories because the purported grant of immunity did not cover any answers to interrogatories or the production of documents and thus did not rebut the presumption that the documents or answers to interrogatories would tend to incriminate Relators. Point II is granted.

Because the Relators' orders also concern the production of documents at the hearing and testimony at the hearing, we shall address Point III. In their third point relied on, Relators contend that Respondent exceeded his jurisdiction by attempting to compel Relators to produce documents and answer questions propounded to them at the debtors' examinations without asserting their privilege against self-incrimination based upon the county prosecutor's grants of use immunity because a rebuttable presumption arose that the documents or answers would tend to incriminate them. Relators argue that the Plaintiff produced no evidence to rebut that presumption and, therefore, Respondent was required to find that Relators' testimony and the documents they produced at the debtors' examinations could not incriminate them. The initial question is whether the purported grants of use immunity issued by the county prosecutor were sufficient to overcome Relators' privilege

against self-incrimination.[5] Therefore, we must now determine whether the county prosecutor's grants of use immunity for the hearing and documents produced at the hearing were as comprehensive as the protection provided by the privilege against self-incrimination.

■ Prior to the amendment of § 513.380 [6] by the legislature in 1993, the county prosecutor did not have the authority to grant immunity. *See State ex rel. Munn,* 733 S.W.2d at 769. In 1993, the Missouri legislature amended § 513.380 by adding subsection 2, which provides:

> Any prosecuting attorney or circuit attorney may grant use immunity from prosecution to a judgment debtor for any statement made at a judgment debtor's examination conducted pursuant to subsection 1 of this section. Such use immunity from prosecution shall protect such person from prosecution for any offense related to the content of the statements made.

A reading of the statute makes it clear that § 513.380.2 expressly provides authority for a prosecutor to grant immunity for statements made at a judgment debtor's examination.

■ The privilege against self-incrimination may be supplanted by a statute, but only by a grant of immunity that is coextensive with the constitutional protection. *Kastigar v. United States,* 406 U.S. 441, 462, 92 S.Ct. 1653, 1666, 32 L.Ed.2d 212 (1972). A grant of immunity that is as comprehensive as the protection provided by the privilege is one that leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. *Id.* When a grant of use immunity is coextensive with the scope of the privilege against self-incrimination, it is sufficient to compel testimony over a claim of privilege. *Id.* at 453, 92 S.Ct. 1653. A witness who has been granted immunity owes the duty to give testimony, which is an obligation imposed on all citizens, because immunity substitutes for the privilege. *United States v. Mandujano,* 425 U.S. 564, 576, 96 S.Ct. 1768, 1776, 48 L.Ed.2d 212 (1976).

The principles to be used in applying the privilege against self-incrimination as secured by Article I, section 19 of the Missouri Constitution are to be consistent with the principles used in applying the privilege as secured by the Fifth Amendment to the United States Constitution. *State ex rel. Munn,* 733 S.W.2d at 767. In *State ex rel. Munn,* the respondent ordered the relator to answer questions posed to him during a deposition after finding that the presumption that arose upon the relator's assertion of his privilege against self-incrimination had been rebutted by grants of immunity offered by a city prosecutor and an assistant United States Attorney for the Western District of Missouri. *Id.* Rather than stating whether a grant of immunity could rebut the presumption, our Supreme Court found that the decisive issue in that case was whether the prosecutors had the authority to grant immunity to the relator. *Id.* at 768. The court subsequently found that the city prosecutor did not have the authority to grant

---

**5.** Respondent argues it was unnecessary to find that Relators' testimony and documents produced by them at the judgment debtors' examinations would not have any tendency to incriminate them because of the grant of immunity. We find no Missouri cases on that precise issue and do not find it necessary to address it in as much as we find the specific grants of immunity at issue here do not overcome Relators' privilege against self-incrimination.

**6.** All references to statutes are to RSMo 2000, unless otherwise indicated.

immunity to the relator because Missouri prosecutors do not have inherent authority to grant immunity and the Missouri legislature had not provided such authority by statute. *Id.* at 768–69.

The court also found that although 18 U.S.C. §§ 6001–6003 (1982) gave federal prosecutors statutory authority to immunize witnesses, the immunity offered by the federal prosecutor was not immunity pursuant to this statute. *Id.* at 770. The court noted that during cross-examination the federal prosecutor admitted that the immunity offered would be granted only to the extent of the jurisdiction of the Western District of Missouri and found that even if the federal grant of immunity was binding in all federal districts it provided no immunity from prosecution for state crimes.[7] *Id.* Based on these findings, the court concluded that even if the federal prosecutor had inherent authority to grant immunity to the relator, the grant of immunity was not sufficient to overcome the relator's privilege against self-incrimination. *Id.* The court stated that "[w]here a witness reasonably apprehends a risk of self-incrimination despite a grant of immunity he may properly invoke the privilege against self-incrimination." *Id.* The court then held that because the prosecutors had failed to rebut the presumption, the respondent had exceeded his jurisdiction by ordering the relator to answer questions because he improperly forced the relator to choose between being jailed for contempt or foregoing his constitutional privilege against self-incrimination. *Id.* at 771.

In this case, the prosecutor granted immunity until January 1, 2003. It is not clear whether the prosecutor meant that prosecutions could occur after January 1, 2003 based on the testimony at the debtor's examination or whether the immunity expired on Jan 1, 2003.[8] Because of the vague wording of the immunity granted by the Greene County prosecutor and because no specific questions were tendered to the witness, we cannot ascertain whether the grant of immunity was sufficient to rebut the presumption. *See State ex rel. Long,* 874 S.W.2d at 473. No finding was made by the trial court that Relators' answers could not be incriminating, therefore, we find that the grant of use immunity in this matter does not overcome Relators' privilege against self-incrimination. The grants of immunity are not coextensive with the constitutional protection.

Respondent exceeded his jurisdiction in ordering Relators to give testimony and produce documents at the judgment debtor's examinations over their assertions of their privilege against self-incrimination. Point III is granted.[9]

We make our preliminary writ absolute.

PARRISH and SHRUM, JJ., concur.

---

**7.** The court noted that *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964) was not to the contrary because *Murphy* holds that "testimony elicited in a federal proceeding under a federal grant of immunity, and the fruits therefrom, may not be used in a subsequent state prosecution" and the federal prosecutor offered the relator federal immunity for testimony to be elicited in a state proceeding. *State ex rel. Munn,* 733 S.W.2d at 770.

**8.** If the immunity has already expired, clearly, the grant of immunity does not overcome the presumption.

**9.** We do not address Point IV in that we find the grants of immunity issued on August 28, 2002 and the orders of August 20, 2002, Sep-

tember 5, 2002 and September 10, 2002 did not rebut the presumption that production of

documents and statements at the hearing would incriminate Relators.