Cynthia HILL, Relator,

v.

Hon. Larry L. KENDRICK, Judge, Missouri Circuit Court, Twenty–First Judicial Circuit, County of St. Louis, Respondent.

No. ED 87812.

Missouri Court of Appeals, Eastern District, Writ Division Two.

May 30, 2006.

Leonard W. Buckley Jr., St. Louis, MO, for appellant.

Kimberly Veon Kilgore, Clayton, MO, for respondent.

strike Claimant's brief, which is denied.

BOOKER T. SHAW, Judge.

Cynthia Hill ("Relator") filed a petition for writ of prohibition in this Court seeking to prohibit the Honorable Larry L. Kendrick, a judge in the Circuit Court of St. Louis County, Missouri ("Respondent") from compelling Relator to testify in the criminal case of *State of Missouri v. Henry Hill* (Cause No. 04CF–4642) ("criminal case"). Respondent has ordered Relator to provide testimony regarding Henry Hill's alleged molestation of her when she was a minor. Henry Hill ("Defendant") is Relator's father.

On April 13, 2006, this Court issued its Preliminary Order in Prohibition ordering Respondent to file an answer to Relator's writ of prohibition and to refrain from all action in the cause until further ordered. Respondent has failed to file an answer to this Court's preliminary writ of prohibition and is, therefore, in default. The Preliminary Order in Prohibition is hereby made absolute.

█ Prohibition is a discretionary writ that lies to prevent abuse of judicial discretion, avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 856–57 (Mo. banc 2001). The burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption in favor of the trial court's ruling. *State ex rel. Heidelberg v. Holden*, 98 S.W.3d 116, 117 (Mo. App. S.D.2003). This Court's review is limited to the record below. *Id.*

The facts of this case are as follows: B.H., the niece of Relator, complained to a relative that her grandfather, Defendant, molested her by touching her inappropriately. The Division of Family Services was notified. Upon investigation by the Overland Police Department, Detective Branham contacted and interviewed Relator regarding B.H.'s complaint. Relator stated to Detective Branham that she believed B.H. and that she, too, had been sexually molested by Defendant. She informed Detective Branham that her experience was much worse than what B.H. alleged occurred to her. Relator was visibly upset at the questioning of Detective Branham. She explained that when she was prepared to discuss her molestation further she would contact him. She never subsequently contacted Detective Branham.

Relator was served with a subpoena instructing her to appear on February 13, 2006 for a deposition relating to the criminal case. Relator appeared at the deposition and, on advice of counsel, invoked her right against self-incrimination under the Fifth Amendment of the United States Constitution and Article I, Section 19, of the Missouri Constitution. On February 14, 2006, the State filed a Motion to Compel Relator to testify. On March 2, 2006, the trial court entered an order compelling Relator to answer certain questions, despite her invocation of her right against self-incrimination. In its order the trial court found that the answers to the State's questions "will not incriminate the [Relator]." Relator filed a petition for writ of prohibition with this Court on March 27, 2006. This Court issued a preliminary order in prohibition which Respondent failed to answer.

█ The issue before us in Relator's petition for writ of prohibition is whether Respondent can compel Relator to testify to certain questions relating to the criminal case, despite her invocation of her right against self-incrimination. Relator claims that once she invoked her right against self-incrimination, a rebuttable presumption arises that her answers might tend to incriminate her and that presumption can only be overcome by the State showing that her answers could not possibly incriminate her. We agree.

■ The Missouri Supreme Court in *State ex rel. Harry Shapiro, Jr., Realty & Inv. Co. v. Cloyd,* 615 S.W.2d 41, 46 (Mo. banc 1981) set forth this exact test for determining whether to allow a witness to invoke the privilege against self-incrimination:

Once a witness claims the privilege afforded him under [Article I, Section 19 of the Missouri Constitution], a rebuttable presumption arises that the witness' answer might tend to incriminate him, a presumption that can be rebutted by a demonstration by the party seeking the answer that such answer cannot possibly have such a tendency to incriminate.

The privilege against self-incrimination protects a witness "against being involuntarily called as witness against [herself] in a criminal prosecution but also privileges [her] not to answer official questions put to [her] in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [her] in future criminal proceedings." *See State ex rel. Munn v. McKelvey,* 733 S.W.2d 765, 768 (Mo. banc 1987). The privilege embraces those answers that would furnish a link in the chain of evidence needed to convict the witness. *Id.*

Here, Relator asserted her privilege against self-incrimination as to all of the questions posed to her relating to the criminal case. Once this occurred, a presumption arose that Relator's answers would tend to incriminate her. The State was then required to demonstrate that the answers could not possibly have a tendency to incriminate Relator. At the hearing on the State's motion to compel, Relator offered several possible offenses in which the answers might pose to incriminate her. These offenses included Federal and State offenses concerning false declarations, false reports, hindering prosecution, tampering with a witness, statutory rape, and statutes involving failure to report child abuse. In response, the State asserted to the trial court that it did not intend to seek incriminating statements from Relator. It also asserted that the statute of limitations to the myriad of offenses proposed by Relator had expired.

From our review of the record, the questions posed by the State may possibly elicit testimony that would incriminate Relator. These questions related to Relator's statements to Detective Branham regarding her own molestation by Defendant, her psychological treatment for such abuse, and to whom Relator informed of the alleged molestation. Additionally, as asserted by Relator, the statute of limitations as set forth in Section 556.037, RSMo 2000 and 556.036, RSMo 2000 have not expired as to Relator for the various offenses she asserted to the trial court. Moreover, the proposed deposition questions were even more detailed than Detective Branham's and may bring to light more evidence connecting Relator to various other unlawful activities. The State's response was insufficient to rebut Relator's presumption, i.e., that her answers could not possibly have a tendency to incriminate her. Therefore, we find that in the absence of a grant of immunity, the trial court exceeded its jurisdiction by ordering Relator to testify in the criminal case. *See State v. Carey,* 808 S.W.2d 861, 865–66 (Mo.App. E.D.1991) (noting that it is not enough to rebut the presumption by declaring that the statute of limitations has run or that counsel does not intend to accuse witness of crime); *Heidelberg,* 98 S.W.3d at 120; *Munn,* 733 S.W.2d at 768.

The writ of prohibition is absolute.

LAWRENCE E. MOONEY and ROBERT G. DOWD, JJ., Concur.