**STATE of Missouri, ex rel. David M. NOTHUM and Glenette Nothum, Relators,**

v.

**Honorable John F. KINTZ, Respondent.**

No. ED 95280.

Missouri Court of Appeals, Eastern District, Writ Division Six.

Feb. 2, 2011.

Michael Gross, John Hilton, Donald Carmody, Norman Pressman, Benjamin Westbrook, Kathryn Koch, St. Louis, MO, for relators.

Jeffrey McPherson, Christopher LaRose, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Presiding Judge.

### Introduction

David Nothum and Glenette Nothum ("Relators") seek this court's writ of prohibition to prevent the Honorable John Kintz, of the Circuit Court of St. Louis County ("Respondent") from compelling them to testify at a judgment debtor's examination. Relators have asserted their privilege against self-incrimination as secured by the Fifth Amendment to the United States Constitution and by Article I, Section 19 of the Missouri Constitution. We issued our preliminary writ, which we now make absolute.

### Factual and Procedural Background

Arizona Bank and Trust ("the Bank") obtained a debtor judgment against Rela-

tors for $3,117,160.52 plus attorney's fees, costs and post-judgment interest. Relators are residents of Missouri. The Bank registered the judgment in St. Louis County. In an effort to execute on the judgment, the Bank served Relators with interrogatories and document requests. Relators refused to answer either, instead asserting their rights against self-incrimination. Pursuant to Section 513.380[1] and Rule 76.27,[2] the Bank obtained an order instructing Relators to appear before the Respondent to be examined under oath concerning their means of satisfying the judgment.

Relators appeared before Respondent and Mr. Nothum took the stand. He answered two questions before invoking his privilege against self-incrimination under the United States and Missouri Constitutions. As a follow up question to what his address was, the question to which Mr. Nothum invoked his privilege was, "And do you own that property?" Mr. LaRose, the attorney for the Bank, asked Mr. Nothum if he intended to plead the "Fifth Amendment right of self-incrimination for all these questions?" Mr. Nothum replied by again invoking his privilege against self-incrimination. His attorney stated that Mr. Nothum intended to "plead the Fifth" on all questions. Mr. LaRose then read into the record a grant of use immunity he obtained from the St. Louis County prosecutor's office, which purported to give use immunity to the Relators for any statements made during the judgment debtor examination.[3] Respondent inquired whether the immunity grant was signed by a judge and Mr. LaRose stated that it was.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. All rule references are to Mo. Rules Civ. P.2010, unless otherwise indicated.

3. The grant of immunity reads as follows:

Comes now the Prosecuting Attorney of the Twenty–First Judicial Circuit Court, of St. Louis County, Missouri, and hereby grants use immunity to David M. Nothum and Glenette Nothum from prosecution for any statement made at any judgment debtors examination conducted pursuant to Section 513.380 of the revised Statutes of Missouri, when such

After the Relators' attorney informed Respondent that the couple intended to exercise their privilege against self-incrimination, despite the grant of immunity, Respondent held Relators in contempt and ordered them jailed. Mrs. Nothum was never sworn in, nor did she testify in court. Respondent released Relators within hours on the condition that they file a petition for a writ of prohibition with this court. The petition was filed and we asked for a response from Respondent. After receiving the response, this court granted a preliminary writ and asked for further briefing and oral argument.

### Writ Petition

In their petition for a writ of prohibition filed August 9, 2010, Relators challenged Respondent's actions finding Relators in contempt of court and ordering them incarcerated for refusing to answer questions within the County prosecutor's grant of immunity. Relators alleged several reasons why this court should grant their writ, including that Respondent "did not satisfy the minimum procedural requirements that must attend a finding of contempt and an order of incarceration."

### Points Relied On in Brief

In their first point relied on, Relators claim that the Respondent erred in issuing an order of contempt against them for refusing to give testimony relating to their ability to satisfy a debtor judgment against them. Relators contend that they have a federal and state constitutionally guaranteed right to exercise their privilege against self-incrimination and that the

grant of immunity on which Respondent relies does not provide coextensive protection. In invoking their privilege against self-incrimination, Relators claim they created a rebuttable presumption that the requested testimony might tend to incriminate them. Respondent did not rebut this presumption when it found them in contempt. Thus, they argue that Respondent erred in holding them in contempt for their refusal.

In their second point relied on, Relators claim that Section 513,380 grants only prosecuting or circuit attorneys the authority to grant immunity for statements made at judgment debtor examinations. Thus, they claim the assistant prosecuting attorney's grant of immunity had no legal effect because an assistant prosecuting attorney has no authority to grant such immunity under the statute.

### Discussion

Section 513.380 was last amended in 1993, which added subsection 2. Section 513.380 provides:

1. Whenever an execution against the property of any judgment debtor, individual or corporate, issued from any court in this state, shall be returned unsatisfied, in whole or in part, by any sheriff or other proper officer, the judgment creditor in such execution, his executor, administrator or assign, may, at any time within five years after such return so made, be entitled to an order by the court rendering such judgment, requiring the judgment debtor or, in the case of a corporate judgment debtor, its chief officer to appear before such court at a time and place in said order to be

statement is reasonably related to any question directed to the existence and location of any assets, liabilities, or sources of income of David M. Nothum and Glenette Nothum. Said use immunity will protect David M. Nothum and Glenette Nothum from prosecution

for any offense related to the contents of David M. Nothum and Glenette Nothum's statement so made at a judgment debtors examination in the civil case pending in this circuit court, known as *Arizona Bank and Trust v. Suntide West, LLC, et al.*

named, to undergo an examination under oath touching his ability and means to satisfy said judgment, and in case of neglect or refusal on the part of such judgment debtor or, in the case of a corporate debtor, its chief officer to obey such order, such court is hereby authorized to issue a writ of attachment against said debtor, as now provided by law, and to punish him or, in the case of a corporate debtor, its chief officer for contempt.

2. Any prosecuting attorney or circuit attorney may grant use immunity from prosecution to a judgment debtor for any statement made at a judgment debtor's examination conducted pursuant to subsection 1 of this section. Such use immunity from prosecution shall protect such person from prosecution for any offense related to the content of the statements made.

The issue of whether a statutory grant of immunity can supplant constitutional safeguards against self-incrimination was examined in the seminal United States Supreme Court case, *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). In *Kastigar,* the Court explicitly held that a grant of immunity must provide protection against self-incrimination equivalent to that provided by the constitutional privilege. *Id.* at 453, 92 S.Ct. 1653. Further, the Court held that "immunity from use and derivative use [was] coextensive with the scope of the privilege against self-incrimination, and therefore [was] sufficient to compel testimony over a claim of privilege." *Id.* Moreover, said the Court, transactional immunity provides the witness "considerably broader protection than does the Fifth Amendment privilege." *Id.* However, Justice Marshall, in his dissent argued that,

A grant of immunity may strip the witness of the right to refuse to testify, but only if it is broad enough to eliminate all possibility that the testimony will in fact operate to incriminate him. It must put him in precisely the same position, vis-a-vis the government that has compelled his testimony, as he would have been in had he remained silent in reliance on the privilege.

*Id.* at 467–68, 92 S.Ct. 1653.

 There is very little Missouri case law on this issue. In *State ex rel. Long v. Askren,* the Western District held that "a judgment debtor examined pursuant to Section 513.380, who invokes the privilege against self-incrimination, cannot be compelled to answer a question the answer to which may tend to incriminate him." 874 S.W.2d 466, 471 (Mo.App. W.D.1994). The privilege against self-incrimination extends not only to refusing to answer the question asked, but also to refusing to explain how the answer might incriminate the witness. *Id.* at 472. Once a witness invokes the right against self-incrimination, a rebuttable presumption arises that the answer to the question posed might tend to incriminate him or her. *Id.* The party questioning the witness may rebut the presumption by demonstrating that the answer to the question posed cannot possibly tend to incriminate the witness. *Id.* The trial court can compel the witness to answer the question *only* after it finds, as a matter of law, that the witness' response to the question cannot possibly tend to incriminate the witness. *Id.*

In *State ex rel. Heidelberg v. Holden,* the Southern District held that the Respondent exceeded his jurisdiction in attempting to compel the judgment debtors to testify and that the grants of use immunity pursuant to Section 513.380 did not overcome the judgment debtors' privilege against self-incrimination. 98 S.W.3d 116, 123 (Mo.App. S.D.2003). The relators in *Heidelberg* contended that once they asserted then-privilege against self-incrimination, a rebuttable presumption arose that their answers would tend to incrimi-

nate them. *Id.* at 119. Respondent was then required to find that Relators' answers could not possibly have the tendency to incriminate them. *Id.* The *Heidelberg* court found that the Respondent failed to rebut the presumption that Relators' responses could incriminate them. *Id.* at 120. Therefore, the court held that it could not determine whether the grant of immunity was sufficient to rebut the presumption because the wording of the immunity granted by the county prosecutor was vague. *Id.* at 123. Ultimately, the Southern District found that the grants of immunity were not co-extensive with the Relators' constitutional protection against self-incrimination and held that Respondent exceeded his jurisdiction in attempting to compel Relators to testify. *Id.*

▆ In the case before us, Respondent failed to make a finding, as a matter of law, that Mr. Nothum's responses to the questions put to him could not possibly tend to incriminate him. Further, Mrs. Nothum was never sworn in as a witness and never gave any testimony to Respondent. Respondent merely accepted her attorney's statement to the court that she would invoke her privilege against self-incrimination, but Respondent did not question her. Consequently, Respondent also failed to make a finding, as a matter of law, that Mrs. Nothum's responses to the questions put to her could not possibly tend to incriminate her.

Just as in *Heidelberg,* Respondent failed to rebut the presumption that Relators' responses could incriminate them. In the present case, Respondent did not even hear direct testimony under oath from Mrs. Nothum before finding her in contempt and ordering her incarcerated for allegedly invoking her privilege against self-incrimination. Respondent failed to make required findings as a matter of law, that a response of either Relator could not incriminate them. Therefore, we find that

Respondent erred in finding Relators in contempt for invoking their privilege against self-incrimination.

Relators' first point on appeal is granted. Since we find that the Respondent exceeded his jurisdiction in issuing an order of contempt against Relators for refusing to give testimony after invoking their privilege against self-incrimination, we need not consider Relators' second point.

### *Conclusion*

Respondent exceeded his jurisdiction in ordering Relators to give testimony at the judgment debtors' examination over their assertions of their privilege against self-incrimination. We make our preliminary writ absolute, and the Respondent is prohibited from enforcing his order of July 28, 2010 purporting to compel the Relators to give sworn testimony under oath notwithstanding their assertion of rights pursuant to United States Constitution, Amendment 5, and Missouri Constitution Article I, section 19.